Stewart, Appellant, *v.* Commonwealth (Department of Highways).

262

Argued April 13, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*H. Ray Pope, Jr.,* for appellant.

*Charles A. Mertens,* Associate Counsel, with him
*E. S. Lawhorne,* Associate Counsel, and *R. D. Holahan,*
Counsel, State Workmen's Insurance Fund, and *David
Stahl,* Attorney General, for Commonwealth, appellees.

OPINION BY WATKINS, J., June 13, 1962:

This is an appeal from an order of the Court of
Common Pleas of Clarion County, reversing the deci-

sion of the Workmen's Compensation Board awarding compensation to Ronald E. Stewart, the claimant-appellant, for total disability.

The claimant was employed by the Pennsylvania Department of Highways, which department, together with the State Workmen's Insurance Fund, are the appellees, in March of 1958, as a general laborer, at an hourly wage of $1.48 and assigned to the Clarion, Pennsylvania office of the Highway Department to do maintenance work. He was 20 years of age at the time and in March had applied for admission to Clarion Teachers College for the term beginning September, 1958.

While so employed, in August, 1958 he sustained an injury while attempting to carry a heavy log. He continued working through the rest of the day and without any loss of time, but could do no heavy work but was given light work such as flagging traffic and similar duties. He did not suffer any loss of wages as a result of this accident from August 7, 1958 to September 4, 1958, when he voluntarily quit his job to enter the fall semester at Clarion Teachers College, where he carried a sixteen-hour weekly schedule.

The referee found the claimant totally disabled; to be a nondescript; that claimant's work was seasonal; that the employer had failed to show work within the reach of the claimant; and found him totally disabled and awarded compensation on that basis for the summer season of 1959.

The claimant appealed from this decision of the referee to the Workmen's Compensation Board and the board modified the referee's order, found that the work was not seasonal; and that the claimant was entitled to total disability compensation. The defendants appealed to the Court of Common Pleas of Clarion County and the order of the Workmen's Compensation Board was reversed as to total disability compensation. This appeal followed.

The claimant's work was certainly not seasonal. The record clearly supports the finding of the Board that highway maintenance is year-round employment and not seasonal employment. *Froehly v. Harton,* 291 Pa. 157, 139 A. 727 (1927).

The important question in this appeal is whether the board in finding this claimant to be entitled to total disability compensation as a nondescript, overlooked or disregarded competent evidence that the employer had shown that work was available for this claimant and that he had voluntarily left it to attend college, so that an error of law was committed. *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 104 A. 2d 104 (1954).

This Court has succinctly stated the governing principle involved in this case in *Earley v. Philadelphia & Reading Coal & Iron Company,* 144 Pa. Superior Ct. 301, 19 A. 2d 615 (1941), at page 305, as follows: "A review of our decisions will show that we have consistently adhered to the line of demarcation between the two classes of cases. The first includes persons who have sustained accidental injuries, but are capable of steadily performing certain types of light work. It is presumed that such work is available, and that one can procure it. In those circumstances a claimant is entitled to compensation for partial disability. The second class embraces those who are not able uninterruptedly to do even light work owing to their physical limitations due to accidental injuries. If suitable work is available for such a person it is incumbent upon the defendant to show that fact, otherwise a claimant is entitled to total disability." See also: *Cohen v. Doubleday & Co., Inc.,* 191 Pa. Superior Ct. 106, 155 A. 2d 378 (1959) ; *Woods v. Murraysville Telephone Co.,* 197 Pa. Superior Ct. 636, 180 A. 2d 118 (1962) ; *Morgan v. Pittsburgh Business Properties, Inc.,* 198 Pa. Superior Ct. 254, 181 A. 2d 881 (1962) ; 42 P.L.E. §315, page 388,

It is quite clear from this record that the employer had provided the claimant with light work which he could do, did do and continued to do without loss of earnings. He worked on the day of the injury, August 7, 1958, until September 4, 1958, without loss of time or earnings until he quit to enter the fall semester of college for which he had made application in March of 1958. He could have continued working for the highway department.

We do not believe it is necessary to determine whether there was any disregard of evidence or error of law on the part of the board in determining this claimant to be a nondescript. If he fell in the category of a person "capable of steadily performing certain types of light work," the presumption that such work is available came into play and, in fact, as contended by the employer, under this record there is proof of such available work, entirely disregarded by the referee and the board. So, if under this category, the claimant would only be entitled to a finding of partial disability.

However, if the finding of the referee, as adopted by the board, is supported by competent evidence, as contended by the claimant, that "Although claimant is 35 percent partially disabled to his body as a whole he is only capable of steadily performing certain types of light work, or a specially created job, one light of effort or responsibility and laden with rest and comfort and therefore is in the catalogue of a nondescript in the labor market", the record still shows the existence of that rare light job that he is able to do and was doing at the time he quit and the presumption of total disability is rebutted unless this evidentiary fact is entirely ignored that even if a nondescript, he has been supplied with a job by his employer. The flagman job fits Justice MUSMANNO's description as one of those "employment plums that do not often dangle from the tree of everyday economics." *Unora v. Glen Alden Coal Co.,*

supra. He is, therefore, entitled only to a finding of partial disability and because there is no diminution of earnings is not entitled to payment of partial disability. Where work is available that a partially disabled claimant can do he must accept such work or forfeit total disability compensation.

The court below points to a long line of cases, the most recent being *Cohen v. Doubleday & Co., Inc.,* supra, that support the proposition that where work the claimant can do is available he must work or forfeit total disability payments. "In the instant case neither the Board or the Referee took into consideration the fact that work was not only 'within reach' but claimant actually had work in his hand and chose not to work. A presumption could not arise 'that there was no work' when a man is actually working and voluntarily elected not to work. As the Board found claimant did not have a 'seasonal job'. Highway maintenance is year-round job. The work is so common everyone is familiar with the crews filling pot holes, and cracks, mowing grass, cindering, removing rocks, trees and debris, clearing ditches, grading berms and painting and repairing guard posts and rails. The flagmen posted at the ends are conspicuous and their work public knowledge. With the great number of vehicles now using our highways they are essential for safety and the prevention of traffic jams. Claimant did flagging and other work he did not mention, light work but necessary. . . . Claimant could have worked continuously had he wished.

"Claimant argued he went to college to rehabilitate himself. This is not borne out by the facts, as he applied to enter college prior to his injury and he required no rehabilitation to make as much money as he did before. Rehabilitate means to restore to former capacity. He desired a better position, one with no labor and higher pay and he has carried out his intention. But certainly Workmen's Compensation was not in-

tended to pay for a college education to double a man's earning capacity.

"It is called to the attention of the Court that the Workmen's Compensation Act should be liberally construed. . . . However, we cannot in the construction of an act liberally disregard the facts by finding no work is within reach when the work was not only available but was done and claimant later refused to continue doing it."

The complaint of the claimant that the appellees failed to properly appeal from the finding of the referee and are bound thereby as to the compensation liability is without merit. As the appellees point out the liability determined by the referee was limited on the ground that the employment was seasonal and, as such, harmless to them. It was the reversal of this finding by the board that created the serious liability.

The board set aside certain findings of fact and conclusions of law of the referee and substituted its own; and affirmed or adopted the remaining findings of fact and conclusions of law and entered a new order. The referee is only the agent of the board and the board is the ultimate arbiter of the facts in workmen's compensation cases. *Downing v. Leechburg Min. Co.*, 195 Pa. Superior Ct. 574, 171 A. 2d 857 (1961). The ultimate fact finder adopted some findings of its agent, the referee; reversed some findings of its agent; and then substituted its own findings and handed down a final order. The appeal was proper.

The court below did depart from the record in obtaining information concerning the claimant's activities subsequent to the accident. This information, which the court said it obtained to satisfy personal curiosity, had no bearing on the decision which was based entirely on the record, and so did not prejudice the claimant's case, but it is most certainly not a desirable practise and was properly the subject of claimant's objection.

We affirm the court below in reversing the Workmen's Compensation Board as to its award of total disability compensation on the ground that it capriciously disregarded competent evidence of available work which the claimant could do and did do; and that this constituted error of law. We return the record to the court below with the direction that it be remanded to the Workmen's Compensation Board for the proper application of the law to the facts consistent with this opinion.