George POPOVICH

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare.

Civ. A. No. 62–997.

United States District Court
W. D. Pennsylvania.

Aug. 12, 1963.

Ines W. Cordisco, McKeesport, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this proceeding, the claimant has brought this action in the United States District Court to review, in accordance with the provisions of 42 U.S.C.A. § 405 (g), the final decision of the Secretary of Health, Education and Welfare, (hereinafter sometimes referred to as the Secretary,) denying the claimant disability benefits.

The decision of the Social Security Administration Hearing Examiner became the final decision of the Secretary of Health, Education and Welfare, when the Appeals Council of the Social Security Administration denied the request of the claimant for review of the Hearing Examiner's decision of August 10, 1962, denying plaintiff disability insurance benefits under 42 U.S.C.A. § 423(a), and denying him the right to have a period of disability established under 42 U.S.C.A. § 416(i).

Subsequent to the filing of the petition for review, each of the parties filed motions for summary judgment. Since neither party has contended that remand to the Social Security Administration is required for further development of the facts, the motions for summary judgments properly bring before the Court for review the final decision of the Secretary denying the claim of the plaintiff, George Popovich, in which the conclusion was reached that plaintiff has not established that he has impairments of such severity as to preclude him from engaging "in any substantial gainful activity or employment." See 42 U.S.C.A. § 423(c) (2).

A meticulous review of the record requires the Court to conclude that substantial evidence is not present to support the Examiner's finding that claimant has not established that he has impairments of such severity as to preclude him from engaging in any substantial gainful activity for the applicable period.

## LAW

The rules of law that have application to an action of this nature have recently been most clearly enunciated and summarized by the United States Court of Appeals for the Third Circuit in Farley v. Celebrezze, 315 F.2d 704 (1963) (hereinafter sometimes referred to as Farley). As applied to a case of this type, the applicable rules are:

(A) "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S. C.A. § 405(g).

(B) It is the function and duty of the Court to review the administrative record in its entirety to test the sufficiency of the evidence to sustain the decision of the Secretary that the claimant, George Popovich, has not established his disability within the period in question.

(C) The test for disability within the Social Security Act consists principally of two parts:

1. A determination of the extent of the physical or mental impairment and,

2. a determination of whether that impairment results in an inability to

engage in any substantial gainful activity.

(D) In determining whether a claimant's impairments result in inability to engage in substantial gainful employment within the Social Security Act, not only must the capabilities of the claimant be viewed in context with his own physical, educational and vocational background, but the question must be asked and resolved as to what employment opportunities there are for a man who can do only what the claimant can do, and mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available.

(E) "Any substantial gainful activity" is to be read in the light of what is reasonably possible, not of what is conceivable.

(F) The elimination of every possibility of gainful employment is not a condition precedent to the maintenance of a claim.

## DISCUSSION

These facts do not appear to be in dispute:

1. The claimant was injured in a fall on or about November 24, 1956.

2. Although he experienced surgery through a laminectomy by a most able, competent neurosurgeon, the surgery was not successful.

3. Claimant is unable to walk, sit or lie down for any prolonged period of time.

4. His work was, throughout his life, generally confined to that of a laborer, except for a period during his military service when he operated a mimeograph machine.

5. Claimant has received and is receiving a workmen's compensation award as a permanent disability case in the Commonwealth of Pennsylvania.

6. Claimant has had the benefit of the services of competent and able neurosurgeons and medical attendants in the City of Pittsburgh.

In his decision denying benefits to claimant, the Hearing Examiner inferred from the fact that claimant had been graduated from highschool and had attended college for three semesters, that he had the education and training to do work other than that of a laborer. In so concluding, the Examiner ignored the uncontradicted evidence in the record that claimant went to school as an athlete to engage in football activities and paid little or no attention to his studies in either highschool or college, as evidenced by the type of English which he uses in speaking. No conclusion can be drawn other than that the work ability of claimant, from a non-physical point of view, is limited to employment as a laborer and this, in my considered judgment, he is physically unable to do.

Even if substantial evidence could be found in the record that claimant has the background to perform non-laborer type work, the record is lacking in substantial evidence that claimant is physically capable of performing the type of light work which is normally available in the employment market. Of the nine medical and hospital reports from five different doctors, none of whom was the personal physician of the claimant, and one hospital, only one doctor affirmatively indicated an ability to do even "light work", and none of them even implied that claimant was not continuing to have difficulty with his back. Even Dr. Stuart N. Rowe, who felt that claimant could do light work, found atrophy in the left lower leg and an indentation at L-4, L-5, and gave a diagnosis of

" ?Recurrent herniated disc
  ?Epidural scar,"

stating that patient may require further surgery in the future.

The statement of Dr. Rowe that claimant can do light work cannot be deemed "substantial evidence" on which to rest the finding that claimant is able

to engage in substantial gainful activity, for the reason that the bald statement of Dr. Rowe that claimant "could do light work" does not even purport to define the extent to which claimant can do light work. Dr. Rowe, in his medical report, expresses no opinion as to whether the claimant is one of that class of persons who have sustained an injury but are capable of steadily performing certain types of light work which are presumably available and procurable, or whether he is one of that class who are not able, uninterruptedly, to do even light work owing to their physical limitations, a person labeled in Pennsylvania as "a nondescript." See Stewart v. Commonwealth, 198 Pa.Super. 261, 182 A.2d 100 (1962). Absent such a definition of the extent to which claimant can do light work, the report of Dr. Rowe cannot constitute "substantial evidence" to support a finding that claimant is able to engage in substantial gainful employment.

At most, the report of Dr. Rowe can be deemed to constitute "substantial evidence" to support a finding that claimant can, with interruptions, do light work. Under these circumstances, for claimant to find gainful employment, a job would have to be made for him and we must be realistic enough to understand and appreciate that in the labor market today, jobs are not made for any person. Nothing in the record before the Court suggests that there is any such reasonable possibility available to the claimant.

On the basis of the composite medical testimony, the uncontradicted testimony of the claimant, the fact that all of the doctors' reports were made at the behest of either the Social Security Administration or claimant's employer's workmen's compensation carrier, and the reasonable interpretation to be made of the report of Dr. Rowe when the entire report is considered, it is evident that there simply is not substantial evidence in the record to support a finding that claimant is capable of doing a type of light work of which there is a reasonable possibility of being employed to do.

## CONCLUSIONS OF LAW

■ A meticulous review by the Court of the oral and documentary evidence presented to the Social Security Administration requires the following conclusion:

1. Substantial evidence is not present in the record to support the Examiner's findings that the impairment suffered by the claimant does not meet the standards of disability as set forth in the Act.

2. Substantial evidence is not present in the record to support the finding of the Examiner that despite his present back condition, the claimant, in view of his age, his education, his training and experience in the United States Armed Forces, and his work experience in industry, should be able to perform some form of light or sedentary work, especially in the sales, clerical or bench assembly fields.

3. No finding has been made that a reasonable possibility of claimant finding suitable employment exists and even if such a finding had been made, substantial evidence is not present in the record to support a finding that there is a reasonable possibility of claimant finding suitable employment.

An appropriate Order is entered.

### ORDER

Now, therefore, this 12th day of August, 1963, it is ordered and directed that the Motion for Summary Judgment of Anthony J. Celebrezze, Secretary of Health, Education and Welfare, is denied.

The Motion for Summary Judgment of claimant, George Popovich, will be and hereby is granted.

It is further ordered and directed that the decision of the Hearing Examiner and governmental agency, not being supported by substantial evidence and contrary to law, will be and hereby is reversed and set aside.

Finally it is ordered that the claimant, George Popovich, is entitled to disability insurance benefits and to the establishment of a period of disability.