Possumato *v.* Midvale-Heppenstall Co.

Argued February 10, 1972, before Judges WILKIN-SON, JR., MENCER and ROGERS, sitting as a panel of three.

*John F. McElvenny,* with him *Frederick W. Anton, III,* and *Henry F. Furman,* for appellant.

*Howard Wallner,* for appellee.

OPINION BY JUDGE WILKINSON, March 15, 1972:

Claimant-appellee was injured on April 30, 1964, while working as a boiler repairman for appellant. Under a Compensation Agreement, he received benefits based on total disability from May 7, 1964, until March 22, 1965. On March 23, 1965, he returned to his former work and on March 29, 1965, executed a final receipt. He worked until November 1, 1965, when he left his work, and on December 3, 1965, filed a Petition for Reinstatement of Compensation Agreement.

The Referee, treating the Petition for Reinstatement as a Petition to Set Aside the Final Receipt, found in claimant's favor. Employer-appellant appealed. The Workmen's Compensation Board sustained the appeal. In doing so, it found the claimant had a partial disability but was not entitled to compensation since he had quit his job without justification and had, therefore, suffered no loss of earnings as a result of his disability. The Board was divided 2-1.

Claimant appealed that decision to the Common Pleas Court, Philadelphia County, and after carefully reviewing the record, Judge SPAETH reversed the Board and remanded the case for further consideration by it. The Board performed what it considered its duty under Judge SPAETH's decision and again, this time unanimously, found in favor of employer.

Claimant appealed the second time and Judge SPAETH again carefully reviewed the record and again remanded it to the Board for further consideration. This appeal followed.

A motion to quash was filed by claimant on the grounds that the decision of the Court of Common Pleas was interlocutory. However, claimant has not pressed this point in his argument. The motion to quash is dismissed. *Rozanski v. Glen Alden Coal Company*, 165 Pa. Superior Ct. 460, 69 A. 2d 192 (1949).

On the merits, the issue that is here determinative is whether claimant had the burden of proving that his voluntarily leaving his employment on November 1, 1965, when he had worked from March 23, 1965, at his former position to the satisfaction of appellant, was the result of his injury on April 30, 1964. The Board, in its original opinion, found that the claimant had the burden and had failed to meet it. Judge SPAETH reversed and remanded, among other things, to have the Board reconsider the case on the basis that the em-

ployer had the burden. The Board did so and, without taking further testimony, found that the employer had met the burden of proving that claimant's leaving the employment was not the result of the injury. Judge SPAETH's second order remanded for the Board to consider this further and, in view of Judge SPAETH's doubt as to the sufficiency of the evidence to support the finding that the burden had been met by the employer, to either take more testimony or more fully explain why it failed to believe the testimony as to pain which claimant testifed was caused by the injury and resulted in his leaving.

Judge SPAETH's two able opinions in this protracted litigation, in addition to reviewing the evidence, discussed in detail who has, or should have, the burden of proving whether or not claimant's leaving his employment was the result of the injury. The Act itself is not clear: "And provided further, that where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the accident that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury." Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, Art. IV, Section 413, as amended, 77 P.S. §772. Judge SPAETH concluded that since the Act did not specifically place the burden on either litigant, he would treat it as though it were an issue of modifying the agreement and, therefore, the burden would be on the employer. We disagree. The change here involved is a change from being employed to voluntarily leaving employment and claiming disability, not a change in the agreement.

Justice EAGEN, in speaking for the majority in *Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A.

2d 668 (1968), discusses the question of placing the burden in this type of situation. In that case, the issue was who had the burden to prove that light work was available. The court concluded that the employer had the burden, for it was the employer who asserted the fact and it was easier to prove a positive than a negative: "The burden of proof may be placed on the party who must prove the existence of a fact rather than on the party who must prove its nonexistence." 431 Pa. at 455, 246 A. 2d at 673.

Under the clear and scholarly reasoning in *Barrett*, it must follow that claimant had the burden of proving that he left his employment by reason of the injury. *See Henderson v. Air Master Corp.*, 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971). This having been determined, the scope of review of the lower court is very limited and, on this record, there is no basis for holding that the Board capriciously disregarded competent evidence. In addition to *Barrett*, the law on the scope of review is set forth in *Pudlosky v. Follmer Trucking Company, et al.*, 206 Pa. Superior Ct. 450, 214 A. 2d 270 (1965).

In view of the suggestion of death filed with our Court, showing appellee died on May 4, 1971, it is unnecessary for there to be any further discussion of whether the finding of 25 percent disability is sufficiently supported.

The decision of the lower court is reversed and the order of the Board is reinstated.