Philco Ford Corporation and Insurance Company of North America, Appellants, *v.* Ruth L. Engel, Appellee.

Argued September 12, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

346

*John C. Youngman, Jr.,* with him *Candor, Youngman, Gibson & Gault,* for appellants.

*Richard H. Roesgen,* with him *W. Dorland Rouse,* for appellee.

OPINION BY JUDGE ROGERS, October 10, 1975:

This is an employer's appeal from an order of the Court of Common Pleas of Lycoming County, affirming a decision of the Workmen's Compensation Board.

In August 1968, the claimant, while at work for Philco Ford Corporation, sustained injuries to her left hand and suffered a laceration of her left kidney which latter condition required surgery. The parties entered into an agreement for total disability in late August of 1968. In February 1969, Philco Ford filed its petition for termination or modification of the agreement asserting that Ms. Engel was able to return to work in December 1968. Ms. Engel answered the petition by claiming that she was still partially disabled. On July 29, 1969 a referee, after hearing, filed his decision and order finding that the claimant had muscle weakness in the area of the incision made in connection with the kidney operation and that she suffered a 50% partial disability and loss of earning power. He awarded compensation for partial disability. On appeal, the Workmen's Compensation Board by order filed in April 1971 affirmed the findings and conclusions of the referee and entered an order for the payment of compensation for partial disability which, however, it suspended during the payment to the claimant of unemployment compensation, which she was receiving at the time of the hearing. The lower court affirmed the Board's order without opinion. Philco Ford has appealed.

The appellant concedes that the finding of 50% partial disability was supported by the evidence and that the compensation authorities properly refused its application to terminate. It contends, however, that the Board and the lower court erred in not further suspending the payment of compensation on the ground that the record demonstrated that Ms. Engel suffered from no loss of earning power. The employer's argument is well-founded on the record and we are impelled to remand the record to the Workmen's Compensation Appeal Board for further proceedings.

Ms. Engel was treated for her injuries by a Dr. Robert Yannaccone, an employe of Philco Ford, who referred her for surgery to a Dr. David C. Weibel who performed the kidney operation. Dr. Yannaccone testified that in his opinion Ms. Engel was fully recovered from her injuries and capable of performing the former duties of her employment in December of 1968. Those duties included lifting objects weighing upwards of 20 pounds. Dr. Weibel testified that, while the claimant was recovered from her injuries, there remained a weakness of the muscles in the area of the incision and that, while the claimant should not lift 20 pound weights, she was able to do light work involving lifting operations of from two to three pounds, with rest periods. He further testified that in time the claimant's capacity in this regard would improve and that he believed that she should be engaged in light work within the limitation described. A representative of Philco Ford testified that Ms. Engel had twice been offered light work, to be approved by her and Dr. Yannaccone, meeting Dr. Weibel's specifications as to lifting and rest periods, at the same wages she received before the accident. Ms. Engel refused these offers, giving as her reason on the occasion of the second offer, that employment would disturb her status as an unemployment compensation recipient. Ms. Engel did not testify at the hearing and the employer's representative's testimony, which in-

cluded the statement that there were a number of jobs among the 99 job classifications at the plant, which involved little or no lifting, was unrebutted.

Loss of earning power is a question of fact and a finding that such loss has occurred may not be disturbed unless it is in capricious disregard of the evidence. *Michael v. Roadway Express, Inc.*, 211 Pa. Superior Ct. 238, 235 A.2d 627 (1967). Our consideration of the record impels us to the conclusion that the finding that Ms. Engel suffered a loss of earning power was a capricious disregard of the competent testimony of her surgeon that she could do light work with specified limitations, and the employer's evidence of offers of exactly such work refused by the claimant. The case therefore falls squarely within the holding of *Stewart v. Commonwealth*, 198 Pa. Superior Ct. 261, 182 A.2d 100 (1962), where workmen's compensation was denied a claimant who, although unable to do heavy work, was given light work without loss of wages but who thereafter quit for reasons not connected with his disability.[1] The purpose of workmen's compensation is to provide a substitute for loss of earnings during disability. Where an employer in unquestioned good faith offers work suitable to the injured employe's diminished capabilities described by the claimant's doctors at no loss of earnings, it seems to us that the employe, in the absence of compelling reason to the contrary, should at least attempt to perform in the proferred employment.

This opinion is written in 1975, almost six years after the events in this case. The period of suspension based on the absence of loss of earning power should not, of course, exceed the duration of the job offer. Since the

---

1. We recognize that the *Stewart* opinion contains language concerning a presumption of the availability of light work later overruled in *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968). The holding of *Stewart* was, however, that if the employer furnishes light work at no loss of earnings, compensation should be suspended and this remains the law.

record is of course silent on events subsequent to the hearing, we enter the following:

ORDER

AND NOW, this 10th day of October, 1975, the judgment and order of the court below is reversed and the record is remanded to the Workmen's Compensation Appeal Board for further hearing and for an order not inconsistent with this opinion.