Helen Possumato, Widow of Anthony Possumato, deceased *v.* Midvale Heppenstall Co., Pennsylvania Manufacturers Association Insurance Company and Workmen's Compensation Appeal Board. Helen Possumato, Widow of Anthony Possumato, deceased, Appellant.

Submitted on briefs, December 10, 1976, to Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Gerald J. Haas,* for appellant.

*John F. McElvenny,* with him *Michael P. McKenna,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, January 7, 1977:

Anthony Possumato was injured on April 30, 1964 while working for Midvale Heppenstall Company. He received benefits for total disability under a compensation agreement until March 22, 1965, when he returned to work. He executed a final receipt on March 29, 1965. On November 1, 1965 Possumato left his work, and on December 3, 1965 he filed a petition for reinstatement of the compensation agreement. A referee set aside the final receipt and awarded compensation but the Workmen's Compensation Board, on October 15, 1970, sustained the employer's appeal, finding that the claimant had a 25% partial disability but that he was not entitled to compensation because he had quit his work without justification and had, therefore, no loss of earnings as a result of his disability. The Court of Common Pleas of Philadelphia County, as a result of appeals by Possumato, twice remanded the matter to the Workmen's Compensation Board for reconsideration. The second order of remand was appealed to this Court. In *Possumato v. Midvale-Heppenstall Co.,* 4 Pa. Commonwealth Ct. 664, 287 A.2d 915 (1972),[1] we reversed the trial court and reinstated the order of the Board. The issue decided against Possumato in the case just described

---

[1] The Supreme Court of Pennsylvania denied allocatur of this decision.

and cited was whether he left his employment on November 1, 1965 for reasons not related to his disability.

On November 5, 1970, Possumato filed a Petition to Modify the action of the Board[2] *on the ground that his disability had changed from partial to total after he left his employment at Midvale Heppenstall Company.* This petition was assigned to a referee who scheduled a hearing. At the hearing the employer's counsel moved to dismiss Possumato's Petition, asserting that the new proceeding was barred by "principles of res adjudicata and collateral estoppel" by reason of the proceeding which culminated in our decision hereinbefore cited. The referee refused to receive any evidence on behalf of Possumato, heard legal argument with reference to the motion to dismiss and requested memoranda of law. He thereafter dismissed the modification petition. The Workmen's Compensation Appeal Board affirmed the referee's decision stating, "[n]o evidence was introduced on behalf of claimant other than the printed record from the Commonwealth Court of Pennsylvania concerning a prior appeal." It was, and still is, Possumato's position, not that he may relitigate the reason for his quitting work at Midvale Heppenstall Company, but that after quitting his disability increased from partial to total, causing a loss of earnings. We have held that an injured employee is not forever barred from compensation because he quits employment provided by his employer without loss of earnings. *P.P.G. Industries, Inc. v. Aites,* 7 Pa. Commonwealth Ct. 588, 300 A.2d 902 (1973). The referee erred, therefore, in not receiving Possumato's evidence proffered on

---

[2] Pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

the issue of change of disability after November 1, 1965, and the Workmen's Compensation Appeal Board erred in affirming that action.

ORDER

AND Now, this 7th day of January, 1977, the order of the Workmen's Compensation Appeal Board made February 5, 1976, and the referee's decision made May 13, 1975, dismissing Anthony Possumato's Petition to Modify, are vacated and the record is remanded for a hearing before a referee designated by the Board.