Williams & Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charles Pounds, Respondents.

Argued September 11, 1978, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*Robert C. Little,* with him *Burns, Manley & Little,* for petitioner.

*Thomas P. Geer,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE DiSALLE, December 21, 1978:

Charles Pounds (Claimant) suffered a knee injury on April 29, 1974, in the course of his employment with Williams & Company, Inc. (Employer). He received benefits until May 12, 1975, when Employer stopped payment and filed a petition to terminate compensation.

Before the injury, Claimant worked as a laborer and warehouseman for Employer, loading bundles of steel onto large trucks. Often he was required to lift up to 75 pounds alone and as much as 350 pounds with help. Following the injury, Claimant returned to work three times, but was unable to do heavy work. Each time, the foreman requested that he not return until he had recovered sufficiently to perform his former work. Each time, he was told that no light work existed.

During the month of August, 1975, Claimant worked three days a week at a tobacco and gift shop. The job required him to stand a considerable part of the time, and because his knee continued to bother him, he could work for only four hours a day, three days a week. Then on August 29, 1975, Claimant quit his job

to return to school at Slippery Rock State College to continue a college education that he had begun prior to his employment with Employer.

After Claimant had paid his tuition and begun classes, Employer purported to offer him a job doing light work. Claimant refused the offer, choosing to remain in school. The referee, in ordering Employer to resume compensation, found that Employer failed to prove the existence of the job it offered, and that "Claimant was justified in refusing to quit school where he had paid his tuition and had a 3.3 average in order to take a sedentary job that had not previously existed and was of doubtful duration." The Workmen's Compensation Appeal Board affirmed the referee.

Employer argues that the referee, in finding that no job existed, capriciously disregarded the evidence. We cannot agree. Claimant made several requests for light work, and each time, was told that none existed. It was not until he had committed himself to returning to school that Employer "offered" him a sedentary position. We find substantial evidence in the record to support the referee's finding.

Employer further argues that the case of *Stewart v. Commonwealth,* 198 Pa. Superior Ct. 261, 182 A.2d 100 (1962), compels us to conclude that Claimant voluntarily removed himself from the labor market in order to attend college and thus should receive no compensation. We find Employer's reliance on *Stewart* to be misplaced. In *Stewart,* the employer provided the claimant with work he could do with no loss of earnings. After working for several weeks, however, the claimant quit voluntarily and returned to school. He could have continued to work for the employer with no loss of earnings, but chose not to do so. Here, however, the referee found, and justifiably so, that no job

existed that Claimant could do without some loss of earnings. Therefore, the referee properly ordered that compensation be resumed, but modified to a partial disability rate.

We affirm.

## ORDER

AND Now, this 21st day of December, 1978, the order of the Workmen's Compensation Appeal Board, dated June 23, 1977, denying Williams & Company's Petition to Terminate and ordering it to resume compensation to Charles Pounds, is affirmed and judgment is entered on the award.

Defendant shall resume compensation to the Claimant but modified to a partial disability rate of $98.20 per week, commencing May 12, 1975, and continuing weekly to the present and thereafter until changed in accordance with the provisions of The Pennsylvania Workmen's Compensation Act; compensation to bear interest at 10 percent per annum.

Defendant shall pay medical bills as follows:

| | |
|---|---|
| Allegheny General Hospital | $ 34.00 |
| Allegheny General Hospital | 98.25 |
| William R. Eaton, M.D. | 195.00 |

Counsel fees in the amount of twenty percent (20%) of the award to Attorney Thomas P. Geer for his efforts in this case, resulting in the aforementioned compensation are hereby approved.

The following expenses and costs are to be reimbursed to Thomas P. Geer, counsel for the Claimant:

| | |
|---|---|
| Medical record, St. John's General Hospital | $ 2.00 |
| Medical record, Allegheny General Hospital | 18.95 |
| William R. Eaton, M.D., for medical report | 75.00 |