Carpentertown Coal & Coke Company and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, and Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charles Mohr, Respondents.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Paul E. Sutter, Hirsch, Weise & Tillman,* for petitioners.

*Timothy P. Creany,* with him *Sandra S. Christianson,* Assistant Attorney General, for respondents.

OPINION BY JUDGE CRAIG, June 10, 1980:

Petitioners, Carpentertown Coal & Coke Company (Carpentertown) and its insurer Old Republic Companies, appeal from the order of the Workmen's Compensation Appeal Board (board) which affirmed the referee's award of benefits to claimant Charles Mohr, for partial disability due to coal worker's pneumoconiosis.

Carpentertown employed claimant as a motorman in its coking operation for some three years until he was laid off in March of 1976; shortly thereafter claimant retired. He filed his claim petition under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., on July 29, 1976, alleging that as of that date he was totally or partially disabled by coal worker's pneumoconiosis as a result of his exposure to coal dust in his employment.

Petitioners contend that the referee's finding of partial disability, affirmed by the board, is not supported by substantial evidence.

The law is settled that for purposes of workmen's compensation, the term "disability" is synonymous with "loss of earning power." *Killian v. Heintz Div. Kelsey Hayes,* 468 Pa. 200, 360 A.2d 620 (1976);

*Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A.2d 104 (1954); *Harbison-Walker v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 556, 397 A.2d 1284 (1979); *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978); *Borough of Catawissa v. Schultz*, 9 Pa. Commonwealth Ct. 546, 308 A.2d 633 (1973); *Michael v. Roadway Express, Inc.*, 211 Pa. Superior Ct. 238, 235 A.2d 627 (1967).

Accordingly, "there can be no manifestation of disability where a claimant would be able to continue at his former position." *Montgomery v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct., 143, 145-46, 400 A.2d 253-54 (1979).

The dispositive element in this case is the absence of evidence in the record that claimant is unable to continue at his former position. Claimant's physician did testify that claimant was disabled from the work of an active miner; however, when that expert was informed of the actual nature of claimant's last position, that of above-ground motorman, he then concluded that claimant was at most partially disabled.

That testimony, however, is unclear as to whether claimant is partially disabled from the work of an active miner or in relation to his actual last position. In any event, the record is simply barren of any evidence supportive of the latter inference. The physician's conclusory statement that claimant is partially disabled does not suffice to establish the loss of earning power upon which a legal conclusion of disability depends. This meaning is consistent with that in *Borough of Catawissa, supra,* relating to an employer's burden in a proceeding to modify a total disability award, where we said that "[w]hen an em-

ployer attempts to show that a claimant is no longer totally disabled, it is not enough merely to have a physician testify that, medically speaking, he is only partially disabled.'' 9 Pa. Commonwealth Ct. at 548, 308 A.2d at 634.

In like manner, a claimant's burden of demonstrating a loss of earning power cannot be satisfied by his physician's statement that he is partially disabled, standing alone, without any other evidentiary support for the essential proposition that claimant cannot continue his former occupation.

Because the record fails to provide substantial evidence to support the finding of partial disability, we are compelled to reverse the order appealed.

ORDER

Now, this 10th day of June, 1980, the order of the Workmen's Compensation Appeal Board at Docket No. A-74502 is reversed, the order of the referee is vacated, and the claim is dismissed.