Wheeling-Pittsburgh Steel Corp., Petitioner *v.* Workmen's Compensation Appeal Board (Charles T. Smith), Respondents.

Argued May 7, 1982, before Judges Rogers, Mac-Phail and Doyle, sitting as a panel of three.

*Dominic D. Salvatori,* for petitioner.

*Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Charles T. Smith.

Opinion by Judge Doyle, November 19, 1982:

This is an appeal by the Wheeling-Pittsburgh Steel Corporation (Petitioner, or Wheeling-Pittsburgh Steel) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of compensation benefits pursuant to Section 108(n) of the Pennsylvania Workmen's Compensation Act (Workmen's Compensation Act), Act of June 2,

1915, P.L. 736, *as amended,* 77 P.S. §27.1(n). We affirm the decision of the Board.

Charles T. Smith (Claimant, or Smith) filed in October of 1976 for the recovery of benefits for an occupational disease. He alleged total disability as of September 20, 1976 due to pulmonary pneumoconiosis from exposure to deleterious gases and particulates while working for Wheeling-Pittsburgh Steel. Smith had voluntarily retired from Wheeling-Pittsburgh Steel some eleven months earlier. A referee awarded disability benefits finding that as of September 20, 1976, Claimant suffered from a loss of earning power.

On appeal to the Board, Petitioner urged that since the disability occurred eleven months after voluntary retirement, Claimant suffered no loss of earning power and his disability was not compensable. The Board rejected Petitioner's argument and affirmed the referee's award. Before this Court, Petitioner alleges error of law in the Board's affirmance and reasserts the argument rejected by the Board.

The Workmen's Compensation Act provides in pertinent part:

> [W]henever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last day of employment in an occupation or industry to which he was exposed to hazards of such disease.

77 P.S. §411(2).

Petitioner in this case does not contest the Board's finding that Claimant suffers from an occupational disease relating to his employment with Wheeling-Pittsburgh Steel, nor does Petitioner challenge that Claimant's medical condition occurred within three hundred weeks after his last employment. Rather, Petitioner urges that Claimant suffers no disability

compensable under the Act because he was voluntarily retired from his employment when the disability arose.

For purposes of workmen's compensation, the term "disability" is synonymous with "loss of earning power." *Carpentertown Coal and Coke Company v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 134, 415 A.2d 450 (1980). Our case law does not extensively define "earning power" but the meaning of the phrase is clear. It is the ability to earn income, and, in our cases it refers generally to the capacity to perform an occupation or obtain remunerative employment. *See Borough of Wilmore v. New,* 54 Pa. Commonwealth Ct. 145, 419 A.2d 1383 (1980); *Carpentertown Coal and Coke,* 52 Pa. Commonwealth Ct. 134, 415 A.2d 450 (1980). When this loss of earning power is due to a medical condition related to the claimant's employment, the claimant suffers a disability which is compensable under the Workmen's Compensation Act.

Petitioner urges that any loss of earning power suffered by Claimant is due to his voluntary retirement and not his medical condition. It asserts that where a claimant voluntarily removes himself from the labor market, that is, when the work-related disability does not precipitate the decision to leave employment, there is no loss of earning power cognizable under the Act. In support of this argument, Petitioner cites *Stewart v. Commonwealth,* 198 Pa. Superior Ct. 261, 182 A.2d 100 (1962). Petitioner also cites cases from our Court for the proposition that Claimant bears a burden to prove he left his employment because of his disability.[1]

---

[1] Petitioner cites *Kunigonis v. H. P. Foley, Inc.,* 28 Pa. Commonwealth Ct. 73, 367 A.2d 763 (1977); *Possumato v. Midvale-Heppenstall Co.,* 4 Pa. Commonwealth Ct. 664, 287 A.2d 915 (1972); *Henderson v. Air Master Corp.,* 2 Pa. Commonwealth Ct. 275, 276 A.2d 581 (1971).

Petitioner misconstrues the holding in *Stewart*. In *Stewart*, benefits were denied not because the claimant left work voluntarily but rather because the employer showed that there was work available which the claimant was able to perform and thus countered the claimant's allegation of total disability. Similarly, Petitioner misreads our case law to establish a burden on the Claimant in this case to prove that he left employment for work-related medical reasons. In the cases Petitioner cites, the claimants sought to change or reinstate prior compensation agreements. The change in circumstance from working to not working tended to support their claims of increased or continued disability. To avoid imposing a burden on the employer to prove the negative, we burdened the claimants to show that the change in employment status did in fact reflect a change in medical condition.[2] In the case before us, Claimant's employment status is not relevant to his proof of medical disability. His debilitated medical condition is not contested, and we decline to impose any requirement that his employment status be related to the medical condition absent a showing by the employer that there is work available which the Claimant could perform.

In *P.P.G. Industries, Inc. v. Aites*, 7 Commonwealth Ct. 588, 300 A.2d 902 (1973), we upheld the resumption of partial disability compensation to a

---

[2] In *Kunigonis v. H. P. Foley, Inc.*, 28 Pa. Commonwealth Ct. 73, 367 A.2d 763 (1977), the claimant had been working after the injury at a higher rate of pay than before the disability arose. He left that job and claimed entitlement to disability. In *Possumato v. Midvale-Heppenstall Co.*, 4 Pa. Commonwealth Ct. 664, 287 A.2d 915 (1972), the claimant had returned to work following his disability and executed a final receipt, then left work and petitioned to reinstate the compensation. In *Henderson v. Air Master Corp.*, 2 Pa. Commonwealth Ct. 275, 276 A.2d 581 (1971), the claimant was determined to be 50% disabled and did not return to work. When the term of his disability payments expired, he claimed he was totally disabled.

claimant who had voluntarily left his employment to pursue a career as a minister. In *Aites,* the claimant performed light work for the employer after his injury at the same rate of pay he had earned before suffering the work-related injury and disability payments were suspended by agreement. Claimant quit his job to embark on a ministerial career. When he found that the ministry provided inadequate support for his family, he sought to re-enter the labor force, but because of his disability, was unable to secure employment at his former rate. We held that since his loss of earning power was the result of his earlier work-related injury, the claimant was entitled to compensation.

The case before us is similar. And Petitioner here urges that because we did not find Aites entitled to compensation for that period while he chose to work as a minister, we cannot find Claimant here entitled to compensation while he chooses voluntary retirement. In *Aites,* we instructed that "[p]ayments shall be awarded from the earliest date after the claimant sought full-time employment other than the ministry when his old position with PPG was no longer available." Petitioner argues that since Claimant here offered no evidence that he sought to end his voluntary retirement and re-enter the work force, a disability award is improper.

Petitioner's argument is not compelling. We find the case before us distinguishable from *Aites* and decline to require that the Claimant show that he seeks to end his retirement in order to prove his disability. *Aites* involved a partial disability, and no loss of earning power was evident until the claimant sought other employment. Up until that time, it was the claimant's full-time occupation as a clergyman that prevented him from securing remunerative work. We required Aites to show that it was no longer his choice of oc-

cupation but his disability which prevented him from obtaining work. There is no evidence in the record before us to suggest that the present Claimant's choice of retirement prevents him from obtaining additional paying work to supplement his pension. On the contrary, there is substantial competent evidence in the record showing that pneumoconiosis prevents him from obtaining additional occupation. There is also substantial evidence that links his disease with his employment at Wheeling-Pittsburgh Steel. From this evidence, the Board correctly concluded that the Claimant was compensably disabled from the effects of a progressive occupational disease.

This conclusion is entirely consistent with the purpose of the occupational disease provisions of the Workmen's Compensation Act. With regard to occupational diseases, our Supreme Court has noted: "[T]he exact time of their origin is necessarily obscure and their insidious progress is not revealed until, frequently after a long interval, the disability which they create manifests itself." *McIntyre v. E. J. Lavino Co.*, 344 Pa. 163, 25 A.2d 163, 164 (1942). See also *Montgomery v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 143, 400 A.2d 253 (1979). We agree that it is precisely because such diseases frequently do not manifest themselves until after the employee has, for whatever reason, left the employment that our Legislature has allowed 300 weeks since the last exposure for the disease to be manifest.

Consequently, we hold that the Board did not err in finding the Claimant entitled to disability compensation, notwithstanding his voluntary retirement.

## Order

Now, November 19, 1982, the Decision and Order of the Workmen's Compensation Appeal Board, Deci-

sion No. A-79633, dated May 21, 1981, is affirmed. Judgment is entered in favor of Claimant Charles T. Smith and against Wheeling-Pittsburgh Steel Corp. or its insurance carrier for compensation at the rate of $171.00 per week commencing from September 20, 1976 and continuing subject to the terms and limitations of The Pennsylvania Workmen's Compensation Act, as amended. Interest shall be paid at the rate of 10% per annum as provided under Section 406.1 of the Act, 77 P.S. §717.1. It is further ordered that Wheeling-Pittsburgh Steel Corp. or its insurance carrier reimburse Claimant's counsel, McArdle, Caroselli, Spagnolli and Beachler, the amount of $491.75 for Bill of Costs and deduct 20% of Claimant's first two years of benefits as counsel fees to be paid to Claimant's counsel by separate check with the balance of the award to be paid to Claimant by separate check.