SAFEWAY STORES, INC., Petitioner,

v.

Robert J. HUSSON, Director of the Division of Labor, the Industrial Commission of the State of Colorado, and Tammy Tucker Nelson, Respondents.

No. 86CA0538.

Colorado Court of Appeals,
Div. III.

Oct. 30, 1986.

Rehearing Denied Nov. 20, 1986.

Certiorari Denied (Nelson) Feb. 17, 1987.

Watson, Nathan & Bremer, P.C., Anne Smith Myers, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Robert J. Husson and The Industrial Comn.

James A. May, Denver, for respondent Tammy Tucker Nelson.

VAN CISE, Judge.

Safeway Stores, Inc. (Safeway), seeks review of a final order of the Industrial Commission which denied its petition to suspend temporary total disability benefits for Tammy Tucker Nelson (claimant). We set aside the order.

In February 1984, claimant injured her right hand in the course of her employment. At the time of her injury she was employed as a courtesy clerk, earning $4.12 per hour for an average of 20 hours per week. Her job duties were to bag groceries and assist customers with groceries to their cars. Safeway admitted liability for temporary total disability benefits and referred claimant for a vocational rehabilitation evaluation.

On January 22, 1985, before claimant had reached maximum medical improvement, Safeway offered her a position as a courtesy clerk in the bulk foods section, which her physician approved as being within her physical restrictions. This job would have paid $4.51 per hour and 40 hours of work would have been available to her each week. The bulk foods section consists of large barrels of various foodstuffs which make it possible for the consumer to pur-

chase in quantity. In her new job, claimant would have supervised the use of these barrels by customers, would have answered any questions they had, and would have kept the barrel areas clean.

Claimant refused the position. As a result, Safeway petitioned to suspend claimant's temporary total disability benefits.

A hearing on suspension of benefits was held wherein claimant testified that she had refused the job offer because it had no room for advancement and, in her previous position, she was next in line for a promotion. Claimant's vocational rehabilitation counselor testified that it was unlikely claimant would be able to return to her previous job bagging groceries and that the position offered was unsuitable because it was to be shared by other courtesy clerks, had no upward mobility, and existed at the whim of the store supervisor.

From this evidence, the Industrial Commission concluded the offered job was not "suitable gainful employment." Accordingly, it denied Safeway's petition to suspend temporary disability benefits.

On review, Safeway contends that the Commission erred in disallowing the suspension of temporary disability benefits based on the "suitable gainful employment" standard. We agree.

"Suitable gainful employment" is the goal to be sought in developing and implementing a vocational rehabilitation plan designed to locate permanent employment for qualified workers. *See Roe v. Industrial Commission,* 734 P.2d 138 (Colo.App.1986); Industrial Commission Rules Part V(D), 7 Code Colo.Reg. 1101–3. That standard has nothing to do with eligibility for workmen's compensation benefits while the employee is temporarily disabled and vocational rehabilitation services remain open, *see Roe v. Industrial Commission, supra.*

Temporary partial compensation benefits are designed as a partial substitute for lost wages or impaired earning capacity arising from a compensable injury. *Roe v. Industrial Commission, supra; Monfort of Colorado v. Husson,* 725 P.2d 67 (Colo.App.1986). Their amount depends upon the degree of wage loss, if any. *Eastman Kodak Co. v. Industrial Commission,* 725 P.2d 107 (Colo.App.1986); §§ 8–51–102 and 103, C.R.S. (1986 Repl. Vol. 3B).

Here, claimant's impaired earnings resulted initially from her hand injury, and temporary disability benefits were properly paid. However, later, when she was offered and refused employment approved by her physician, within her physical limitations, and at a pay scale greater than she had been earning at the time of her injury, her subsequent wage loss flowed not from her injury but from her rejection of the offered employment. Under such circumstances, the Commission erred in denying Safeway's petition to suspend claimant's temporary total disability benefits. *See Philco Ford Corp. v. Engel,* 21 Pa.Cmwlth. 345, 345 A.2d 790 (1975). *See generally* 2 A. Larson, *Workmen's Compensation Law* § 57.66 (1986) and cases cited therein.

The Commission's order denying Safeway's petition is set aside, and the cause is remanded for further proceedings consistent with the views expressed therein.

BABCOCK and METZGER, JJ., concur.