## WOLFCALE *v.* GRUSH

[No. 17,288.   Filed November 10, 1944.]

*Bowers, Feightner & Palmer,* of Huntington, for appellant.

*C. W. H. Bangs,* of Huntington, for appellee.

CRUMPACKER, J.—The record background of this controversy is as follows: On February 16, 1943, the Industrial Board of Indiana awarded compensation to the appellee for temporary total disability resulting from a right inguinal hernia suffered by said appellee while an employee of the appellant and arising out of and in the course of such employment. The board found that such hernia could be repaired by surgery and, as a part of its award, ordered the appellant to tender such operation and, if accepted, to pay all surgical, hospital and medical expenses in connection therewith. Compensation during the period of temporary total disability was awarded at the rate of $13.25 per week beginning April 1, 1942. The appellee accepted the

tendered operation which was performed in due course, and he was released from the hospital on February 17, 1943, and discharged from the care of his attending physician the following May.

On June 11, 1943, the appellant filed his application with the Industrial Board for a review of its former award on the grounds that the disability of the appellee had ended and that he, the appellant, had fully paid all costs and expenses in connection with the corrective operation required by such award. On December 22, 1943, the appellee also filed an application for a review of said award alleging a change in conditions in that the injury involved had resulted in permanent partial impairment. These two applications for review were heard together and, on May 20, 1944, the Industrial Board made its finding and award to the effect that the appellant had fully complied with the award of February 16, 1943, except that he had discontinued the payment of compensation three months before the period of the appellee's total temporary disability had ended and, therefore, should be required to make up such deficit; and that some time between July 17, 1943, and August 18, 1943, while the appellee was working for the Schacht Rubber Company, he suffered a recurrence of his original hernia and, as a result thereof, has been temporarily totally disabled since February 9, 1944, for which the appellant should pay at the rate of $13.25 per week.

The appellant contends that this award is contrary to law because (1) there is a total failure of evidence tending to prove that the appellee's present hernia is a recurrence of the original one, and (2) it is wholly outside the issues in that it is a recovery on a theory not advanced by the appellee's petition for review and grants relief not sought thereby.

We quite agree with the appellant that, if the appellee's present hernia is not a recurrence of the first one but on the contrary is a new and distinct injury, there can be no recovery because the undisputed evidence discloses that he suffered the current affliction at a time when he was not in the appellant's employ. We cannot agree, however, with the contention that there is no evidence tending to prove a recurrence of the original injury. The appellee testified that following the corrective operation he was discharged by the attending physician on May 6, 1943. At that time there was an extremely sore spot in the lower one-third of the incision which had been made to correct the original hernia. This sore spot was accompanied by a slight swelling or welt about an inch long and the size of a lead pencil and which extended along the line of said incision. This welt gradually grew larger until at present it is about the size of a hen's egg and the old scar runs over the top of it. Dr. G. M. Nie testified that the present hernia is underneath the scar of the former incision and in his mind there is no question but that it is a recurrence of the original hernia. This testimony, we think, is amply sufficient to support the finding of the ultimate fact that the appellee's present condition is a recurrence of that for which he was awarded compensation by the order of February 16, 1943, and therefore an injury for which the appellant is liable.

The appellant's second proposition, i.e., that the award is wholly outside the issues, is based upon the contention that appellee's petition for review alleges a change in conditions in that temporary total disability had ceased, leaving the appellee with a permanent partial impairment. This, the appellant insists, is not a petition for compensation for the

recurrence of temporary total disability and the Industrial Board was without jurisdiction to make such an award.

The appellant apparently overlooks the fact that his own petition for review, alleging a change in conditions in that the appellee had completely recovered, was also tried by the board at the same time as was the appellee's petition. This certainly gave the board jurisdiction to find that the same conditions exist now as prevailed at the time it made its original award and to "make such modification or change in the award, . . . continuing or extending the payments previously awarded, . . . as it may deem just, subject to the maximum and minimum provided" by the Workmen's Compensation Act, § 40-1410 Burns' 1940 Replacement, § 16421 Baldwin's 1934. This, in effect, is what the board did and its action in that respect was well within the issues.

If, however, we accept the appellant's position and assume that the award is based on the appellee's application, which alleges permanent partial impairment and not temporary total disability, we should bear in mind that the finding in appellant's favor must be given the same effect as the verdict of the jury or the finding of the court in an ordinary civil action. *Kingan & Co., Ltd.* v. *Ossam* (1921), 75 Ind. App. 548, 121 N. E. 289. This being so, the question of whether a finding and award is sustained by sufficient evidence must be determined without reference to the appellee's application and if there is any substantial evidence, unobjected to when introduced, to sustain such finding it is sufficient and the application, if it could have been amended below to conform to the evidence, will be deemed amended accordingly on appeal. *Dalton Foundries, Inc.,* v. *Jefferies* (1943), 114 Ind. App. 271, 51 N. E. (2d) 13; *Calumet Paving Co.* v.

*Butkus* (1943), 113 Ind. App. 232, 47 N. E. (2d) 829. We have examined the record and find no instance in which the appellant objected to introduction of evidence on the grounds that it did not tend to prove any issue in the case, and we therefore consider appellee's application amended to conform to the proof.

Affirmed with statutory penalty.

NOTE.—Reported in 57 N. E. (2d) 438.