## Crain, Appellant, *v.* Small Tube Products, Inc.

Argued December 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, and MONTGOM-ERY, JJ. (FLOOD, J., absent).

*Richard S. Oyler,* with him *Harry B. Hogemyer,* for appellant.

*Robert C. Haberstroh,* for appellees.

OPINION BY MONTGOMERY, J., March 19, 1963:

As a result of an injury to his back occurring on October 30, 1958, in the course of his employment, appellant-claimant and his employer, Small Tube Products, Inc. (appellee), entered into an open agreement

for compensation on the basis of total disability. On March 17, 1959, a supplemental agreement was executed by them suspending payments for the reason that claimant had returned to work for the same employer at wages equal to or in excess of those earned at the time of the accident, "although he still suffered 20% partial disability."

On March 17, 1960, claimant petitioned the board for reinstatement of payments for the 20% disability acknowledged in the supplemental agreement, and for a recalculation of his wages for the reason that he had "concurrent employment known to Small Tube which was not taken into consideration in determining my average weekly wage." The recalculation subject is not before us on this appeal.

The only matter now before us is the refusal of the board to reinstate payments on account of the 20% disability. Referee Diehl, who heard the petition, concluded payments should be reinstated. However, on appeal by the employer, the board disallowed the reinstatement and the lower court affirmed the action of the board.

The order of the board was based on a finding "That although claimant's employment with defendant terminated on October 6, 1959, he failed to prove that his dismissal was due to any disability resulting from his accident of October 30, 1958."

The following provision found in section 413 of The Pennsylvania Workmen's Compensation Act, as amended by the Act of February 28, 1956, P. L. 1120, §1, 77 P.S. 772(PP), is applicable to the present situation, "And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the accident that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, *unless it be*

*shown that the loss in earnings does not result from the disability due to the injury.*" (Emphasis supplied.)

There is an abundance of competent evidence in the record of this case to sustain a finding that the termination of claimant's earnings on October 6, 1959, was not due to his injury. The record clearly indicates, and he in fact admits, that he was discharged after hearing for infractions of the rules and regulations of the company, following warnings and one period of suspension. His contention is not that this is untrue or that he was discharged because of his injury; he merely demands that the infractions be proved.

One seeking to change his status created under a compensation agreement has the burden of proving facts to justify such change. *Snyder v. Hoffman,* 159 Pa. Superior Ct. 392, 48 A. 2d 78. Assuming that appellant met this burden, prima facie, by merely proving the cessation of earnings, and that the burden then shifted to the employer, the board and the court nevertheless found that he had been discharged for infractions of the rules of his employment.

Claimant's objection to the admission of the parts of his employment record which were not supported by the testimony of eyewitnesses is without merit. The claimant having admitted he was discharged for violation of the rules, and having failed to contend that his dismissal was unjustified for that reason, we see no reason why the employer should be required to establish each violation. It did establish some of the violations by the testimony of an eyewitness. This was sufficient to support the board's findings and order. *Jessie v. Dash,* 194 Pa. Superior Ct. 1, 165 A. 2d 280.

There is additional evidence given by claimant as to his unsuccessful efforts to secure employment subsequent to October 6, 1959. We should, therefore, consider claimant's status subsequent to his dismissal if his additional testimony is to be believed. He relies

on *Lasick v. Consumers Mining Company,* 182 Pa. Superior Ct. 414, 128 A. 2d 144, to support his claim for reinstatement of compensation. In that case, at page 417, our President Judge RHODES restated the law as it was established in *Holtz v. McGraw & Bindley,* 161 Pa. Superior Ct. 371, 54 A. 2d 905, as follows: "At the time the suspension order was entered, an agreement existed for the payment of compensation, and it was not terminated. It was suspended, and properly so, but when the suspension is lifted, the old agreement remains and continues. . . . Equivalent wages simply remove the claimant from the compensation rolls of the defendant during the period that the claimant receives such equivalent wages, and neither fixes the amount of the claimant's disability or loss of earning power, nor affects the burden of proof."

The amendment to section 413, supra, was referred to in the *Lasick* case, supra, but played no part in that decision. It seems to us that said amendment was intended to make it clear that whenever it was shown that reoccurring loss of earnings was not attributable to the injury for which compensation had previously been allowed, the suspension of payments was not to be lifted but should continue. This, of course, immediately raises the question as to what a claimant is required to do or prove in order to secure compensation again for a disability admittedly due to injury. Must he induce his former employer to rehire him at a wage that does reflect a loss due to his injury? Must he seek other employment and prove that his disability is reflected in his new earnings? It would seem to be unreasonable to forever foreclose his right to further payments of compensation on account of an admitted partial physical disability simply because he had resigned from or been discharged from previous employment.

However, we do not see that we must answer that question in this appeal since there is no evidence of a

partial loss of earnings due to the injury. All that claimant contends is that he has been unable to secure any employment because it is necessary to disclose his partial disability on his applications for new employment, and for that reason he has been required to earn his livelihood by self-employment. We think that testimony is not sufficient to sustain the burden which claimant must still meet in order to accomplish the resumption of his compensation payments for his partial disability. If he has become a nondescript in the labor market, he should seek a declaration of that fact by proper proceedings before the workmen's compensation authorities. We do not think he can establish a partial loss of earnings by merely proving total unemployment.

Therefore, we must conclude, as did the court and board, that the evidence in this case is insufficient to establish as a fact that claimant's loss of earnings following his discharge by appellee-employer on October 6, 1959, was due to his injury. If we were to hold otherwise, we would be failing to give any significance to the amendment of 1956, supra. We cannot accept appellant's argument that this amendment referred only to temporary layoffs in the same employment.

Order affirmed.

FLOOD, J., took no part in the consideration or decision of this case.