## P. P. G. Industries, Inc. *v.* Aites, et al.

Argued January 12, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

Wallace E. Edgecombe, with him Royston, Robb, Leonard, Edgecombe, Miller & Urbanik, for appellant.

Ralph A. Davies, with him Thomson, Rhodes & Grigsby, for appellee.

OPINION BY JUDGE ROGERS, February 27, 1973:

This workmen's compensation case presents for our decision the issue of whether a partially disabled employee loses his right to compensation by quitting a job provided by his employer at no loss of earnings in order to enter a profession where the emoluments of his new calling prove to be insufficient to his needs and he is thereafter unable because of his disability to find other employment.

The claimant, Virgil C. Aites, sustained a back injury while employed by PPG Industries, Inc., as a loader. By agreement, disability payments were suspended when he returned to PPG as a storeroom attendant, light work he was able to do, at a rate of pay the agreement states was equal to his pay as a loader.[1] He voluntarily left this employment to enter the ministry for which he had been engaged in home study for ten years. His earnings as a full-time minister were

---

[1] It is noted, however, that he received substantial overtime as a loader, his average weekly wage during the 13-week period preceding his accident being $204.79. On straight time as a storeroom attendant he received weekly the sum of $131.60. The usual weekly wage of a storeroom attendant for PPG Industries, Inc., was $108.40.

apparently less than he anticipated and certainly not enough for his family's support. He is willing and able to be regularly employed, attending to his professional duties in his off hours. He remains disabled and can perform only light work. The position as storeroom attendant at PPG is no longer available to him.

The claimant instituted the present proceeding by filing a petition for reinstatement of the suspended supplemental agreement. The Board granted the petition and awarded claimant compensation measured by two-thirds of the difference between his weekly wages before the accident and his earning power as indicated by his wages as a stockroom attendant.

Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §772 provides: ". . . where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury[2] that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury." The employer contends that it has been here shown that Mr. Aites' loss in earnings resulted not from the admitted disability due to his injury but from his leaving the employment it provided for him in order to take up the ministry. It cites two cases in support of its argument. In *Stewart v. Commonwealth,* 198 Pa. Superior Ct. 261, 182 A. 2d 100 (1962), the disabled claimant quit his employment with the State Highway Department in order to attend college. He was denied benefits because the employer had provided him with work he could do without loss of

[2] We note that Section 23 of Act 61, 1972 Session, which together with Act 12 made significant changes not otherwise relevant in Section 413 of the Workmen's Compensation Act, replaced the term "accident" with the word "injury."

earnings. It is apparent that the position the claimant had held remained available after his leaving and was available when the case was heard. In *Crain v. Small Tube Products, Inc.*, 200 Pa. Superior Ct. 426, 188 A. 2d 766 (1963), the disabled employee was discharged from his employment for infractions of company rules. The court first noted that the claimant seeking compensation for reoccuring loss of earnings under a suspended agreement had the burden of proving facts justifying the change of status. It then concluded that the claimant had not proved a partial loss of earnings due to the injury by showing merely that he had been unable to secure other employment by reason of the necessity to disclose his partial disability on applications for new employment. Concerning the provision of Section 413 that suspended compensation may be resumed unless loss of earnings do not result from disability due to the injury, Judge MONTGOMERY wrote: "It seems to us that said [provision] was intended to make it clear that whenever it was shown that reoccurring loss of earnings was not attributable to the injury for which compensation had previously been allowed, the suspension of payments was not to be lifted but should continue. This, of course, immediately raises the question as to what a claimant is required to do or prove in order to secure compensation again for a disability admittedly due to injury. Must he induce his former employer to rehire him at a wage that does reflect a loss due to his injury? Must he seek other employment and prove that his disability is reflected in his new earnings? It would seem to be unreasonable to forever foreclose his right to further payments of compensation on account of an admitted partial physical disability simply because he had resigned from or been discharged from previous employment.

"However, we do not see that we must answer that question in this appeal since there is no evidence of a

partial loss of earnings due to the injury. . . ." 200 Pa.
Superior Ct. at 430-431. Obviously, *Stewart* is distin-
guishable from the case at hand because of the continu-
ing availability there of employment at no loss of earn-
ings. The instant case is distinguishable from *Crain* be-
cause the record here does contain evidence of partial
loss of earnings, not only in the claimant's reduced
actual earnings while employed as a storeroom clerk[3]
but also in the showing that the position of a store-
room clerk was ordinarily compensated at an even lower
rate.

We are, therefore, compelled to decide whether, in
Judge MONTGOMERY's words, it would be "unreasonable
to forever foreclose" Mr. Aites' right to compensation
"simply because he had resigned from . . . previous
employment" or, otherwise stated, whether the Legis-
lature intended to deny the benefits to such persons in
such circumstances. The statute provides for resump-
tion of payments unless it be shown that the loss of
earnings does not result from the disability due to the
injury. Was Mr. Aites' proven loss of earnings the
result of his disability or of his quitting his employ-
ment? At the time of the hearing he was unable be-
cause of his disability to find work he was able to do.
PPG then had no work which the claimant could do
and there was no showing as of that time that the
claimant's loss of earnings were for any cause other
than his disability. We believe that the Legislature did

---

[3] The employer contends that the claimant was paid the same
or higher hourly rate as a clerk as he was paid as a loader and
that his earnings as a loader was due to overtime. Compensation
for partial disability, however, is to be measured by the difference
between what the claimant actually earned during the best of the
four 13 weeks' periods immediately preceding his injury and the
earning power thereafter, not by the difference between what he
might have earned on straight time and his earning power there-
after.

not intend that an injured employee should be forever barred from compensation because he quits employment provided by his employer without loss of earnings, where, as here, the quitting was for good reasons unrelated to a purpose to effect a resumption of compensation payments as a subsidy for a more compatible but less remunerative pursuit or for no work at all. Our holding is consistent with the principle that the Workmen's Compensation Act should be liberally construed, with the intendments in favor of the granting of the relief it affords. *Pater v. Superior Steel Co.*, 263 Pa. 244, 106 A. 202 (1919).

We do not hold the claimant here to be entitled to a resumption of compensation while he pursued an unremunerative career as a minister. When, however, that pursuit was laid aside in favor of more remunerative full-time employment and his loss of earnings became the result not of a choice of work but of his disability, he became entitled to benefits.

For this reason, the Board committed error in directing the resumption of payments as of the date the claimant quit his employment with PPG. Payments should be awarded from the earliest date after the claimant sought full-time employment other than the ministry when his old position with PPG was no longer available.

### ORDER

The record is remanded to the Workmen's Compensation Appeal Board for the sole purpose of finding upon further hearing, the date for the resumption of compensation in accordance with this opinion. The Workmen's Compensation Board's award is otherwise affirmed.