# P.P.G. Industries, Inc., Appellant, *v.* Workmen's Compensation Appeal Board and Virgil C. Aites, Appellees.

Argued February 7, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Wallace E. Edgecombe,* with him *Royston, Robb, Leonard, Edgecombe, Miller & Urbanik,* for appellant.

*Ralph A. Davies,* with him *Thomson, Rhodes & Grigsby,* for appellee.

OPINION BY JUDGE ROGERS, February 26, 1974:

Virgil C. Aites was injured while the employee of P.P.G. Industries, Inc. P.P.G. supplied him with employment despite his continued partial disability and since there was no loss of earnings compensation was suspended. Mr. Aites left P.P.G.'s employ voluntarily to become a minister of the gospel to a congregation some distance from his former work location. It developed that his small congregation could not support his ministry. He looked for other full-time employment, was unsuccessful because of his disability, and then filed a petition for reinstatement of compensation.

P.P.G. Industries, Inc. resisted reinstatement on the ground that Mr. Aites's loss of earnings was the result, not of his admitted partial disability, but of his voluntarily leaving the employment it provided. The Workmen's Compensation Appeal Board, after hearings, granted the petition for reinstatement and directed the resumption of payments as of the date Mr. Aites quit his employment with P.P.G. In *P.P.G. Industries, Inc. v. Aites,* 7 Pa. Commonwealth Ct. 588, 300 A. 2d 902 (1973), we held that the Board correctly determined that Mr. Aites's disability payments should be resumed but not as of a date before he undertook to obtain remunerative full-time employment. We therefore reversed the Appeal Board's order insofar as it directed payments from the date of Mr. Aites's leaving P.P.G.'s employ and remanded the record for determination, after a further hearing, of the "earliest date [when] the claimant sought full-time employment other than the ministry."

In compliance with our order the Board arranged further hearings and concluded, based on the record, that compensation should be paid from October 31, 1969. P.P.G. has again appealed, launching its renewed attack from the vantage point of the following sentence in our opinion: "When, however, that pursuit [the ministry] was laid aside in favor of more remunerative full-time employment and his loss of earnings became the result not of a choice of work but of his disability, he became entitled to benefits." 7 Pa. Commonwealth Ct. at 588, 300 A. 2d at 905. P.P.G. interprets this sentence as a holding on our part that Mr. Aites would not be entitled to compensation unless and until he not only sought employment but also gave up his ministry. We did not intend to declare that as a condition to receiving compensation Mr. Aites was required to discontinue his Godly, but unprofitable, work while seeking employment. The record supports the Board's findings

that commencing in October 1969 Mr. Aites sought full-time employment but was unsuccessful because of his disability. It also shows that since January 1973 he actually has been employed full-time, performing his duties as a clergyman on a spare-time basis. The Board's award of compensation from October 31, 1969 is supported in the record and conforms to our earlier order.

ORDER

And Now, to wit, this 26th day of February, 1974, the defendant, P.P.G. Industries, Inc., is directed to make weekly payments to Virgil C. Aites for partial disability at the rate of $45.00 per week beginning October 31, 1969 and to continue within the limitations of the Pennsylvania Workmen's Compensation Act. Interest at the rate of six percent (6%) per annum shall be paid on each installment from the due date until the date of payment.