Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and William Elk *v.* John W. Galbreath & Co., Appellant.

Argued May 9, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*James R. Miller,* with him *Noble R. Zuschlag* and *Dickie, McCamey & Chilcote,* for appellant.

*Alexander J. Pentecost,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, July 16, 1975:

This is an appeal by John W. Galbreath & Company (Galbreath) from a decision of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's decision granting benefits to William Elk (Elk).

Elk was employed by Galbreath as a security guard in the United States Steel Building in Pittsburgh, Pennsylvania. On December 26, 1971, Elk fractured his left hip in a work-related accident. On January 25, 1972, Galbreath and Elk entered into a compensation agreement which provided that Elk would receive compensation at the rate of $60.00 per week. In May of 1972, Elk returned to work at the same pay he had received prior to his accident, and therefore, his compensation was suspended. Elk did not sign a final receipt when he returned to work. On January 11, 1973, Elk was dismissed for "excessive absenteeism" and "failure to properly report off from work." On February 16, 1973, Elk filed a Petition to Review Provisions of Existing Compensation Agreement. Hearings were held on May 23, 1973, and August 8, 1973, and the referee, in a decision dated August 8, 1973, found that Elk was totally disabled on the date of his discharge and that the disability continued. Therefore, the referee awarded compensation at the rate of $60.00 per week beginning January 11, 1973. Galbreath appealed from the referee's decision and the Board, in a decision dated December 2, 1974, affirmed the referee.

In its appeal to this Court, Galbreath contends that the Board erred as a matter of law by granting Elk compensation for total disability as of the date of his discharge, because Elk's misconduct, rather than his disability, caused Elk's discharge.

Our scope of review in this type of case is limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *See Leroy Roofing Company v. Workmen's Compensation*

*Appeal Board,* 15 Pa. Commonwealth Ct. 396, 327 A. 2d 876 (1974).

Having carefully examined the record in this case, we are forced to agree with Galbreath's contention that the referee erred as a matter of law by awarding benefits to Elk as of January 11, 1973. The record quite clearly indicates that Elk was terminated for his own misconduct. In his own testimony Elk admitted his absences and his failure to report off from work. Elk's supervisor testified that Elk performed his duties in a satisfactory manner when he did work, and that he was discharged only after he had been warned on three occasions, by way of letter, about his absenteeism and failure to report off from work.

Section 413 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772 (Supp. 1974-1975), reads in relevant part as follows:

> "[W]here compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, *unless it be shown that the loss in earnings does not result from the disability due to the injury."* (Emphasis added.)

It is clear in this case that Elk's loss in earnings "does not result from the disability due to the injury." In *Crain v. Small Tube Products, Inc.,* 200 Pa. Superior Ct. 426, 188 A.2d 766 (1963), which involved a fact situation almost indentical to that involved in this case, the Superior Court held that an individual discharged because of his own misconduct was not entitled to have his compensation payments reinstated as of the date of his discharge. *See also P.P.G. Industries, Inc. v. Aites,* 7 Pa. Commonwealth Ct. 588, 300 A.2d 902 (1973) (hereinafter P.P.G. (1)) and *P.P.G. Industries, Inc. v. Workmen's Compensation Appeal Board,* 12 Pa. Common-

wealth Ct. 61, 315 A.2d 906 (1974) (hereinafter P.P.G. (2)).

The instant case cannot be distinguished from *Crain, supra,* and, therefore, we must hold that the referee erred by awarding benefits to Elk as of January 11, 1973, because the record clearly shows that, as of that date, Elk's reoccurring loss of earnings was not attributable to the injury for which compensation had previously been paid. Elk may be entitled to a resumption of benefits at some time subsequent to January 11, 1973, upon a proper record made, but, based upon this record, we are unable to make any determination on that issue. *See Crain, supra, P.P.G. (1), supra,* and *P.P.G. (2), supra.*

In accordance with the above, we therefore

### ORDER

AND NOW, this 16th day of July, 1975, the order of the Workmen's Compensation Appeal Board, dated December 2, 1974, awarding benefits to William Elk, is hereby reversed.