**E. F. P. CORPORATION,**
**Appellant–Defendant,**

v.

**Terry PENDILL, Appellee–Plaintiff.**

**No. 2–880A251.**

Court of Appeals of Indiana.

Dec. 4, 1980.

Rehearing Denied Jan. 13, 1981.

R. Kent Rowe, Lewis C. Laderer, Jr. and Paul M. Oleniczak, Rowe & Laderer, South Bend, for appellant–defendant.

Edward N. Kalamaros, Edward N. Kalamaros & Associates, South Bend, for appellee–plaintiff.

ROBERTSON, Presiding Judge.

E. F. P. Corporation appeals the decision of the Indiana Industrial Board awarding temporary total disability benefits to Terry Pendill for the recurrence of an injury to his neck, arising out of and in the course of his employment with E. F. P.; the recurrence happening after Pendill was fired from E. F. P. for reasons unrelated to his injury.

The following facts were stipulated by the parties. On October 31, 1979, Pendill, an employee of E. F. P., sustained a neck injury arising out of and in the course of his employment. Pendill and E. F. P. entered into a Form 12 Agreement, approved by the Board. As a result, Pendill received temporary total disability payments until Novem-

ber 26, 1979, at the rate of $130.00 per week. Pendill returned to work on November 26, 1979, after receiving a release from his doctor. On December 10, 1979, Pendill was fired by E. F. P. for reasons unrelated to his injury. On December 21, 1979, Pendill consulted a neurologist, at the suggestion of his original doctor. The neurologist determined that Pendill was unable to work and gave Pendill a disability slip on this date, and on two later occasions. Pendill's original physician also provided disability slips during this time.

On February 1, 1980, Pendill filed a Form 14, application for review of his original award due to the recurrence of his injury. At a single member hearing on this application, the sole issue, as stipulated, was whether Pendill was entitled to receive temporary total disability benefits for the period from December 21, 1979; that is, whether he was entitled to receive benefits from the date when his injury recurred despite the fact he was no longer employed by E. F. P. This decision was upheld on appeal to the full Industrial Board. E. F. P. has appealed this affirmation and the same issue is now before us.

When reviewing a decision by the Industrial Board of Indiana, we of course may only reverse their decision when the evidence, and all reasonable inferences therefrom, are so conclusive as to require a contrary decision. See e. g. Talas v. Correct Piping Co., Inc. (1980) Ind.App., 409 N.E.2d 1223. (transfer pending).

A similar situation was dealt with by this court in Wolfcale v. Grush (1944) 115 Ind. App. 155, 57 N.E.2d 438. In that case, the employee suffered a hernia in the course of his employment and received temporary total disability payments as part of his compensation award. Subsequently, after the employee left his original employer and began work for another company, his injury recurred. The Board awarded additional temporary total disability payments from the date of the recurrence. The Board's decision was affirmed on appeal.

The court said:

We quite agree with the appellant that, if the appellee's present hernia is not a recurrence of the first one but on the contrary is a new and distinct injury, there can be no recovery because the undisputed evidence discloses that he suffered the current affliction at a time when he was not in the appellant's employ. We cannot agree, however, with the contention that there is no evidence tending to prove a recurrence of the original injury .... This testimony, we think, is amply sufficient to support the finding of the ultimate fact that the appellee's present condition is a recurrence of that for which he was awarded compensation ... therefore an injury for which the appellant is liable.

115 Ind.App. at 158, 57 N.E.2d at 439.

Mindful of this case, we have examined the relevant provisions of the current Indiana Workmen's Compensation Act. We have found no restrictive language which limits recovery of total temporary disability payments to situations where the injured employee remains with his original employer.

Ind.Code 22–3–2–2 provides in relevant part that: "every employer ... except as herein stated, shall be required to comply with provisions of this law, ... to pay ... compensation for personal injury ... arising out of and in the course of the employment."

Ind.Code 22–3–3–7 provides that "[c]ompensation shall be allowed on account of injuries producing only temporary total disability to work ...."

Ind.Code 22–3–3–8 provides that: "there shall be paid to the injured employee during the total disability compensation .... for a period not to exceed the five hundred [500] weeks."

It also seems that E. F. P. misses a crucial point in its argument when addressing the policy behind total temporary disability benefits. Their brief states:

However, when an employee returns to work following a work–related injury but is subsequently dismissed for his acts unrelated to his injury, he should not be

entitled to a resumption of temporary total disability compensation even if his work–related injury should again manifest itself after his discharge. An employee who quits or is discharged from his employ, *but never having sustained a work–related injury prior thereto*, is certainly not entitled to any supplemental wage benefits or Workmen's Compensation. When Pendill was dismissed from his employ for reasons unrelated to his injury, he was no longer an employee of E. F. P. Corp. and he should not be entitled to claim a specific benefit (temporary total disability) intended as a wage supplement or a wage substitution for employees waiting to return to work. (Emphasis added.)

 E. F. P. clearly ignores the fact that Pendill's continuing unemployment is not due to his termination, but rather due to the injury he sustained while in their employment. A review of the cases which E. F. P. relies on, also reveals this misunderstanding. These cases do involve the denial of benefits in situations where the injured employee left his original employment. Benefits however, were denied because there was no causal connection between a loss of earnings and the employee's injury, rather than because employment terminated. In these cases, the resulting loss of earnings was due to the employee's failure to follow company policies, or voluntary unemployment, unlike the case at bar. *See Ucci v. Hathaway Bakeries, Inc.* (1949) 75 R.I. 341, 66 A.2d 433; *Crain v. Small Tubes Products, Inc.* (1963) 200 Pa.Super. 426, 188 A.2d 766; *Workmen's Comp. App. Bd. v. John Galbreath & Co.*, 20 Pa.Cmwlth. 283, 341 A.2d 541. Therefore, we find no error in the Board's decision granting the temporary total disability payments.

Pendill asks the court to remand this case to the Board with an order that attorney's fees be awarded in addition to the compensation award, rather than charged against the award, due to E. F. P.'s bad faith in resolving the claim. *See Ind.Code* 22–3–4–12.

Apart from this appeal, Pendill has not alleged any facts indicating dilatory action or bad faith by E. F. P., and we do not think E. F. P.'s pursuit of a rightful appeal, without more, warrants punitive fees.

The judgment of the Indiana Industrial Board is affirmed, except that the award is increased five percent (5%) as required by *Ind.Code* 22–3–4–8.

NEAL and RATLIFF, JJ., concur.