Jones & Laughlin Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Cochran, Sr.), Respondents.

Argued March 14, 1985, before Judges MacPhail, Barry and Colins, sitting as a panel of three.

*Michael D. Sherman,* with him, *Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag,* for petitioner.

*Timothy Finn,* for respondent, Randy K. Cochran, Sr.

Opinion by Judge Barry, November 26, 1985:

Jones & Laughlin Steel Corporation (petitioner) appeals an order of the Workmen's Compensation Appeal Board (board) affirming a referee's decision to reinstate compensation benefits to Randy K. Cochran (claimant).

On April 26, 1979, while employed by petitioner as an oven charger, claimant sustained a work related injury to his right shoulder. He received compensa-

tion benefits until he returned to work on August 13, 1979. Due to a recurrence of his disability, benefits were reinstated on November 30, 1979. They were again suspended on April 28, 1980, when claimant returned to work as a preheat conveyor operator. Shortly thereafter, however, due to a long history of excessive absenteeism, claimant was given the option to either resign or be fired. He elected to resign and his employment was accordingly terminated on July 18, 1980. Several months later, on May 18, 1981, claimant consulted his physician, Dr. Weiner, due to increased pain in his right shoulder. He was subsequently hospitalized and underwent surgery to his shoulder. On July 13, 1981, he filed the present reinstatement petition alleging a recurrence of disability related to his 1979 injury. The referee found that claimant did suffer a recurrence of his disability on May 18, 1981, and awarded reinstatement of benefits as of that date. The board affirmed the referee's decision. This appeal followed.

In a workmen's compensation case, a claimant seeking reinstatement of benefits must bear the burden of proof. *Anderson v. Workmen's Compensation Appeal Board*, 67 Pa. Commonwealth Ct. 581, 447 A.2d 1081 (1982). Where the party bearing that burden of proof prevails below, our scope of review is limited to a determination of whether the findings of fact are supported by substantial evidence or errors of law have been committed. *Weaver v. Workmen's Compensation Appeal Board (Pennsylvania Power Co.)*, 87 Pa. Commonwealth Ct. 428, 487 A.2d 116 (1985).

We must first note that claimant's benefits were suspended rather than terminated. This, of course, means that because there was never a determination that his disability had, in fact, ceased, claimant was not *required* to prove that he suffered a recurrence of his

work related disability. However, the fact that he did establish such recurrence certainly proves that he is unable to perform the job he held at the time of injury. That is all which is required of a claimant seeking reinstatement of suspended benefits. *Smith v. Workmen's Compensation Appeal Board,* 80 Pa. Commonwealth Ct. 508, 471 A.2d 1304 (1984).

Petitioner first challenges the referee's findings which state that claimant suffered a recurrence of his work related disability. It argues that there is no substantial evidence to support such factual determination. We disagree. The record clearly shows that both Dr. Weiner, claimant's physician, and Dr. Zernich, petitioner's witness, testified that claimant suffered from a derangement and chronic sprain of the right shoulder. They also agreed that due to this disability, claimant was no longer able to do work which involved shoveling or swinging a sledgehammer. Since the record also shows that both the job as oven charger which claimant held at the time of his initial injury and the job as preheat conveyor operator which he held at the time he quit require the use of a shovel and a sledgehammer, the referee properly concluded that claimant suffered a recurrence of disability on May 19, 1981. Moreover, in view of the complete lack of evidence by the petitioner concerning the availability of work within claimant's limitations, we find that the referee correctly awarded complete reinstatement of benefits.

Petitioner also argues that claimant did not meet his burden of proof because he failed to establish either an increase or change in disability since he sustained the original injury. In *Smith* we specifically held that although a party seeking modification of benefits must establish a change in his or her condition, a party asking for reinstatement of suspended

benefits must simply show that he or she is unable to perform the job held at the time of injury. Clearly, claimant introduced sufficient evidence to sustain that burden of proof.

Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772, provides in pertinent part:

> [W]here compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury . . . payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, *unless it be shown that the loss in earnings does not result from the disability due to the injury.* (Emphasis added.)

Petitioner contends that claimant is not eligible for benefits under this section because his loss of earnings was a direct result of his voluntary termination rather than his disability. To support this contention, the employer relies on *Workmen's Compensation Appeal Board v. John W. Galbreath & Co.,* 20 Pa. Commonwealth Ct. 283, 341 A.2d 541 (1975), where this Court held that an employee was not entitled to reinstatement of benefits because his loss of earnings was due to excessive absenteeism rather than his disability.

. Petitioner, however, fails to note that the record in *Galbreath* was devoid of any evidence which would have indicated that claimant was still disabled. The employee was seeking reinstatement of benefits from the date of his discharge but the record showed that at that time he was perfectly able to perform all of the duties required by his job and his discharge was solely attributable to excessive absenteeism. It is important to note that in *Galbreath* we did not foreclose the possibility of reinstating benefits to an employee

who properly establishes that his loss of earnings is attributable to his work related disability even if such disability recurs subsequent to a voluntary or involuntary termination of employment. We, in fact, made the following statement:

> [W]e must hold that the referee erred by awarding benefits to Elk as of January 11, 1973, because the record clearly shows that, as of that date, Elk's reoccurring loss of earnings was not attributable to the injury for which compensation had previously been paid. *Elk may be entitled to a resumption of benefits at some time subsequent to January 11, 1973, upon a proper record made,* but, based upon this record, we are unable to make any determination on that issue.

*Id.* at 286, 341 A.2d at 442 (emphasis added) (citations omitted).

The "proper record" was made in the case presently before us. As previously noted, claimant fully established a recurrence of his disability as of May 18, 1981. We, therefore, concur with the referee's determination that although claimant's loss of earnings from June 22, 1980 (his last day of work) to May 17, 1981 was solely due to claimant's decision to terminate his employment, the loss of earnings he sustained beginning on May 18, 1981 is attributable to his disability and he is, therefore, entitled to reinstatement of benefits as of this latter date.

Affirmed.

## ORDER

Now, November 26, 1985, the order of the Workmen's Compensation Appeal Board dated February 2, 1984 at No. A-86569 is hereby affirmed.