623 A.2d 962

Glenn R. HUBER, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LIBERTY MUTUAL INS. CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1993.

Decided March 26, 1993.

Petition for Allowance of Appeal Denied Aug. 4, 1993.

Amiel B. Caramanna, Jr., for petitioner.

Linda Pretz, for respondent.

Before CRAIG, President Judge, and PALLADINO, J., and KELTON, Senior Judge.

PALLADINO, Judge.

Glenn R. Huber (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision dismissing Claimant's review petition. We affirm.

In July 1987, Claimant filed a review petition to reinstate total disability benefits as of March 1983. The referee made exhaustive findings of fact which are summarized as follows: Claimant, while employed as a laborer by Tygart Industries, Inc. (Employer), injured his back in March 1978. Thereafter, Claimant began receiving total disability payments. In February 1979, Claimant began working for ASA Limited (ASA) as a dispatcher. By order dated June 1, 1982, the referee suspended compensation effective November 13, 1979, since as of that date Claimant's earnings exceeded his pre-injury wages.

In March 1983, Claimant left ASA to start his own dispatching business. Specifically, the referee found:

claimant ... [testified] that he left the light duty job at ASA Limited as a dispatcher in March of 1983 and although he attempted to start his own business for the next few months it never got off the ground and he has not worked since March of 1983 for wages. However, claimant also testified both on direct and cross that if he had not voluntarily left ASA Limited, he would have been able to continue working as a dispatcher and that he was presently able to do the dispatcher job as the reason he was not able to return to ASA Limited was the fact that he had left them to start his own business in the same field and contacted their customers for his business. Your Referee accepts this portion of the claimant's testimony as credible.

The referee concluded that Claimant failed to meet his burden of proving that the reason for the suspension no longer existed, and dismissed the review petition. On appeal, the Board affirmed.

On appeal to this court,[1] Claimant raises the following issue: whether Claimant met his burden of establishing that the reason for the suspension no longer existed as of March 1983.

■ A claimant petitioning to have a suspension lifted has the burden of demonstrating that the reasons for the suspension no longer exist. *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa.Commonwealth Ct. 204, 489 A.2d 284 (1985). In *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 34, 584 A.2d 301, 305 (1990), our supreme court stated:

> the law requires a claimant to prove two things in order to show that the reasons for the suspension no longer exist.... First, he must prove that through no fault of his own his earning power is once again adversely affected by his disability. And second, that the disability which gave rise to his original claim, in fact, continues.

(Citation and footnote omitted.)

With regard to the first requirement, the *Pieper* court added, "a recurrence of a claimant's loss of earnings must be through no fault of his own." *Id.* at 34 n. 8, 584 A.2d at 305 n. 8.

■ Claimant lost earnings because he left ASA to start his own business; the record is devoid of any evidence that Claimant left ASA because of his disability. Indeed, Claimant testified as to his past and present ability to work:

Q Mr. Huber, you testified that you left ASA Limited to start your own business; is that correct?

A Yes.

Q If you had not left, could you have continued that job from a physical perspective?

A I imagine so.

Q You feel you could do that kind of job today?

---

1. Our scope of review is limited to whether findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

A  Yes.

October 9, 1987 hearing at 13–14.

Despite his admitted ability to work, Claimant testified that he never sought reemployment with ASA:

Q  Did you go back to ASA Limited?

A  No.

Q  Why not?

A  I couldn't get in.  I wouldn't get employment back there.

Q  How do you know that?

A  Because when I left there, when I pursued my own business, I went after their same customers that they had. They would never hire me back.

October 9, 1987 hearing at 11.

Clearly, Claimant has not proved that his loss of earnings were "through no fault of his own."  Moreover, in *Kunigonis v. H.P. Foley, Inc.,* 28 Pa.Commonwealth Ct. 73, 367 A.2d 763 (1977), this court held that benefits are properly suspended when a claimant voluntarily leaves a post-injury job.

Nevertheless, Claimant argues that this case is controlled by *P.P.G. Industries, Inc. v. Aites,* 7 Pa.Commonwealth Ct. 588, 300 A.2d 902 (1973).  In that case, the claimant's benefits were suspended when he returned to a light-duty job with his employer.  The claimant subsequently left that job to enter the ministry, but his earnings were less than expected and his position with his employer was no longer available.  We concluded that:

[a]t the time of the hearing [the claimant] was unable because of his disability to find work he was able to do. *[The employer] then had no work which the claimant could do* and *there was no showing as of that time that the claimant's loss of earnings were for any cause other than his disability.*  We believe that the Legislature did not intend that an injured employee should be forever barred from compensation because he quits employment provided by his employer without loss of earnings, where, as here, the quitting was for good reasons unrelated to a purpose to

effect a resumption of compensation payments as a subsidy for a more compatible but less remunerative pursuit or for no work at all.

Id. at 592–93, 300 A.2d at 905 (emphasis added).

Although we question the continued validity of *P.P.G.* in light of *Pieper* and *Kunigonis,* we merely note that here, unlike the claimant in *P.P.G.,* Claimant did not ascertain whether he could return to ASA. At a bare minimum, an able-bodied claimant has an obligation to ask for his old job back.

Since Claimant failed to meet his burden of proving that the reason for his suspension no longer existed, the order of the Workmen's Compensation Appeal Board is affirmed.

## ORDER

AND NOW, March 26, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.