627 A.2d 824

Geraldine MILLER, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ALLIED AVIATION SERVICES OF PA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 1993.

Decided June 4, 1993.

Reargument Denied Aug. 3, 1993.

Sara J. Klein, for petitioner.

Anne M. Coholan, for respondent.

Before COLINS and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Geraldine Miller (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision denying reinstatement of benefits from Allied Aviation Services of Pennsylvania (Employer) pursuant to The Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant suffered a work-related injury to her back on November 6, 1985, while working for Employer. She received compensation benefits from Employer until she returned to her pre-injury job on April 6, 1986. Claimant left her employment with Employer on May 8, 1987, to begin a job with K–Mart Corporation. After a recurrence of disability during which she received total disability benefits from Employer, her benefits were suspended when she returned to K–Mart without a loss of wages but with residual physical disability.

Claimant left K–Mart on April 24, 1989, to take a job with Giuseppe Ristorante to earn higher wages as a bookkeeper. She continued that employment until January 24, 1990, when she quit because she was afraid for her safety based on the actions of her superior. Claimant received unemployment

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

benefits after leaving the restaurant because the Unemployment Compensation Board of Review determined that she had left her employment for necessitous and compelling reasons.

Claimant began working again on December 17, 1990, as a dispatcher for the Moon Township Police Department with wages exceeding her time-of-injury job. She subsequently left that position for a job with Healthco International in order to have more work hours and she continues in that employment.

Claimant filed a petition for reinstatement requesting benefits for the period she was unemployed after leaving her job with Giuseppe Ristorante until she began her job with Moon Township. Claimant testified about the incidents leading her to quit her job with the restaurant, and stated that her leaving did not have anything to do with her back injury. The referee found that Claimant had proved she remained partially disabled, but that her loss of earnings was due to her voluntary quit for reasons unrelated to her injury and was not compensable.[2] Because Claimant had not met her burden of proof, the referee dismissed Claimant's petition for reinstatement. Claimant appealed the referee's decision to the Board.

The Board affirmed the referee's decision, holding that there was substantial evidence for the finding that Claimant had left her employment for reasons unrelated to her disability and, therefore, she did not meet her burden of proving that her loss of earnings was related to her work injury. Claimant then filed this appeal.[3]

2. The referee made the following findings of fact:

8. The competent evidence submitted by claimant clearly established that she never terminated her employment or was never laid off from and after July 20, 1987, because of her work-related injury. That same evidence also established that there was suitable work available to and within her reach which she was capable of obtaining. 9. While she proved that she remained partially disabled due to said injury and that she sustained a loss of earnings during periods in 1990, her loss of earnings began only after she voluntarily quit her job at K–Mart for reasons unrelated to her injury. 10. She also quit her employments with Giuseppe Ristorante and Moon Township for reasons unrelated to her injury.

3. On appeal, the standard of review of a Board order is limited to determining whether there has been a constitutional violation or an

Claimant contends that she is entitled to reinstatement of benefits because her loss of earnings was not her own fault in that she left her employment with Giuseppe Ristorante for necessitous and compelling reasons. Employer contends that Claimant is not entitled to reinstatement when the loss of earnings was caused by her voluntary quit of a job for reasons unrelated to her work injury.

Section 413(a) of the Act allows the referee to reinstate benefits in appropriate cases and provides, in pertinent part:

> That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, *unless it be shown that the loss in earnings does not result from the disability due to the injury.*

77 P.S. § 772 (Emphasis added.)

In *Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 584 A.2d 301 (1990), the Supreme Court set forth the burden of proof on a claimant petitioning for the reinstatement of benefits that have been suspended. The Court stated:

> First, he must prove that through no fault of his own, *his earning power is once again adversely affected by his disability.* And Second, that the disability which gave rise to his original claim, in fact, continues.

*Id.* at 34, 584 A.2d at 305. (Citation and footnote omitted. Emphasis added.)

In *Kunigonis v. H.P. Foley, Inc.*, 28 Pa.Commonwealth Ct. 73, 82, 367 A.2d 763, 767 (1977), we held that when a claimant voluntarily quits work, the burden is on the claimant to prove that he or she left work due to his or her disability.[4] *See also*

error of law, or whether the necessary findings of fact are supported by substantial evidence. *McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986); Administrative Agency Law, 2 Pa.C.S. § 704.

4. In *Kunigonis*, we quoted *Possumato v. Midvale–Heppenstall Company*, 4 Pa.Commonwealth Ct. 664, 667–68, 287 A.2d 915, 916–17 (1972), wherein we stated that although Section 413(a) does not specifically

*Huber v. Workmen's Compensation Appeal Board (Liberty Mutual Ins. Co.)*, 154 Pa.Commonwealth Ct. 423, 623 A.2d 962 (1993) (J. Palladino). Moreover, in *Kunigonis*, we held that benefits are properly suspended where the claimant voluntarily quit employment for reasons unrelated to his or her injury or disability. *Kunigonis*, 28 Pa.Commonwealth Ct. at 82, 367 A.2d at 767.

In this case, Claimant testified that she voluntarily quit her position at the restaurant because she felt her safety was threatened by the actions of her superior. She does not contend that she was physically unable to perform any of her previous jobs. The referee found that Claimant's voluntary quit was unrelated to her work injury. Because that finding is supported by substantial evidence in the record, we cannot disturb it on appeal. *Hawkins v. Workmen's Compensation Appeal Board (Medical College of Pennsylvania)*, 138 Pa.Commonwealth Ct. 180, 184, 587 A.2d 387, 389 (1991). Based on that finding, the referee did not err in concluding that Claimant did not meet her burden to prove that she suffered a loss of earnings due to her disability and she was not entitled to a reinstatement under Section 413(a) of the Act.

Like the claimant nurse in *Frankford Hospital v. Workmen's Compensation Appeal Board (Burns)*, 150 Pa.Commonwealth Ct. 532, 616 A.2d 79 (1992), who continued to work for her employer after contracting Hepatitis B and suffered a loss of earnings only after voluntarily quitting her job to relocate, Claimant returned to work with no loss of earnings after the work-related injury. We held in *Frankford Hospital* that there was a rebuttable presumption that the claimant could perform jobs similar to her former employment, and that her loss of earnings was not caused by her work-related injury because she voluntarily chose to quit her job. *Id.* at 538–540, 616 A.2d at 82–83. There is a similar rebuttable presumption that because Claimant has not only

place the burden on the claimant or the employer, the claimant is responsible for proving the facts which it asserts and of which it has knowledge, because it is easier to prove the existence rather than the non-existence of a fact.

returned to work at her former job but has moved on to other jobs with no loss of earnings, despite the residual physical disability that she has rejoined the work force, and her later loss of earnings after a voluntary quit was not caused by the disability. Claimant did not prove that her loss of earnings after she returned to the work force, in this case, with three separate employers, was caused by her prior injury or by a change in her condition.[5] Accordingly, the order of the Board denying the reinstatement of compensation benefits is affirmed.

## ORDER

AND NOW, this 4th day of June, 1993, the order of the Workmen's Compensation Appeal Board dated November 20, 1992, No. A92–0028, is affirmed.

---

**5.** Claimant also contends that the holding in *PPG Industries, Inc. v. Workmen's Compensation Appeal Board (Aites)*, 7 Pa.Commonwealth Ct. 588, 300 A.2d 902 (1973), supports reinstatement. In *PPG*, this Court held that a claimant who had quit the light-duty job provided by his employer to pursue a career as a minister was not entitled to benefits during the period that he was acting as a minister. However, we also held that having abandoned his career as a minister but being unable to find any other work due to his disability, the claimant was entitled to reinstatement because his loss of earnings was not due to any cause other than his disability. In *Huber*, we questioned the continued validity of *PPG* in light of *Kunigonis* and *Pieper*, but we stated that at a minimum, an able-bodied claimant attempting to reinstate benefits has an obligation to ask for her prior job back. Because Claimant, unlike the minister in *PPG*, has had jobs other than the one with Employer and has rejoined the work force, *PPG* is distinguishable. We still question the continued validity of *PPG*, but as in *Huber*, there is no evidence that Claimant asked to return to her job with Employer after she quit her job with the restaurant.