**George BEATTIE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LIBERTY MUTUAL INSURANCE COMPANY and Thrift Drug), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 15, 1998.
Decided June 17, 1998.

James R. Schmitt, Carnegie, for petitioner.

J. Eric Barchiesi, Pittsburgh, for respondents.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether an employee who suffered a work-related injury,

takes a less-strenuous job with no loss of wages but later quits that employment for reasons unrelated to his previous work-related injury, is entitled to a reinstatement of total disability benefits.

George Beattie (Claimant) appeals from the order of the Workers'· Compensation Appeal Board (WCAB) that reversed the Workers' Compensation Judge's (WCJ) grant of benefits to Claimant. We affirm.

In 1973, Claimant, while employed for Thrift Drug Co. (Employer), sustained a work-related back injury. He underwent surgery for that injury, which caused damage to his bladder, eventually disabling him.[1]

On May 12, 1992, Claimant signed a supplemental agreement stating that he returned to work as a minister for the Saltsburg Baptist Church, without a wage loss.[2] Claimant was not an ordained minister but was hired to preach sermons and counsel parishioners. Having no experience in counseling, Claimant became uncomfortable with the possibility of being sued over the advice that he gave the parishioners. Claimant also had problems with one of the two-members of the church's board, which caused him to experience a lot of stress. Eventually, Claimant quit his position with the church because he was unable to afford liability insurance and had problems with one of the board members, which caused him stress.

Claimant filed for reinstatement of his disability benefits, stating he was no longer employed due to disability related to his original 1973 work injury. Employer denied all allegations. The matter proceeded to litigation before the WCJ who reinstated total disability benefits. Employer appealed and the WCAB reversed the WCJ's decision as not being supported by substantial evidence.[3]

On appeal to this Court,[4] Claimant argues that the WCAB erred in reversing the WCJ's findings which he asserts are supported by substantial evidence.

■■■ Section 413 of The Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 981 provides, in part, the following:

> That where compensation has been suspended because the employee's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed. at any time during the period for which compensation for partial disability is payable, unless it is shown that the loss and earnings does not result from the disability due to the injury.

It is well settled that when a claimant is petitioning to have a suspension lifted, "the claimant is required to demonstrate that the reasons for the suspension no longer exist." *Venanzio v. Workers' Compensation Appeal Board (Eastern Express),* 88 Pa.Cmwlth. 204, 489 A.2d 284, 286 (1985). In order to support a reinstatement, the claimant's burden of proof is two-pronged. "First, he must prove that through no· fault of his own his earning power is once again adversely affected by his disability." *Pieper v. Workmen's Compensation Appeal Board (Ametek–Thermox Instruments Division),* 526 Pa. 25, 34, 584 A.2d 301, 305 (1990). Second, the claimant must prove the disability, which gave rise to the original claim, in fact, continues.

■■■ When a claimant voluntarily terminates his job, the claimant has the burden to prove he left due to his disability. *Kunigonis v. H.P. Foley, Inc.,* 28 Pa.Cmwlth. 73, 367 A.2d 763 (1977). However, where the claimant quits a job for reasons unrelated to the disability·or work-related injury, benefits are not to be reinstated. *Miller v. Workmen's Compensation Appeal Board (Allied Aviation Services of Pennsylvania),* 156 Pa. Cmwlth. 235, 627 A.2d 824 (1993).

---

1. Claimant's workers' compensation benefits were commuted and subsequently set aside in 1989.

2. At that time, benefits were suspended.

3. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Grabish v. Workmen's Compensation Appeal Board (Trueform Founda-*

*tions, Inc.),* 70 Pa.Cmwlth. 542, 453 A.2d 710 (1982).

4. Our scope of review is limited to a determination of whether constitutional rights were violated, an error ·of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

In *Miller,* the claimant's departure from her job was based on a fear for her safety due to her supervisor's behavior. We determined that her voluntary departure was not related to her work-related injury that had initially allowed her to collect benefits. Here, Claimant voluntarily left his position as a minister because of stress and interpersonal problems. The WCJ specifically found Claimant left his job based on problems dealing with people in counseling and with a difficult trustee and a lack of liability insurance. WCJ Finding of Fact No. 10.

However, Claimant asserts that he is still entitled to benefits because in *PPG Industries, Inc. v. Workmen's Compensation Appeal Board (Aites),* 7 Pa.Cmwlth. 588, 300 A.2d 902 (1973), we held that the legislature did not intend an injured employee should be forever barred from compensation because he quits employment for good reason. However, this holding only applied when the claimant quit an unremunerative career and again sought full-time employment. Claimant, here, does not assert that he has sought other full-time employment and further, the language in *Aites,* written in 1973, has been questioned and distinguished by this Court. *Kunigonis; Huber v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Co.),* 154 Pa.Cmwlth. 423, 623 A.2d 962 (1993).

We require a claimant prove that the loss of earnings was through no fault of his own. Claimant, here, did not prove that his loss of earnings was through no fault of his own. The WCAB found that the WCJ had gone beyond the record to find that the job of minister was one that Claimant was not physically capable of performing. Our review of the record also reveals that there is no support that Claimant was not physically capable of performing as a minister.

■ This Court recognizes that an employee that attempts to reenter the work force is admirable. Unfortunately, the Act requires that if such employee terminates his employment, in order to receive benefits, the termination must be based upon his inability to work because of his original work-related injury. No other reason for terminating the employment meets the claimant's burden.[5] The Workers' Compensation Law requires a claimant seeking reinstatement to show that through no fault of his own his earning power was once again adversely affected by his disability. Claimant failed to do so here.

Accordingly, we affirm.

### ORDER

AND NOW, this 17th day of June, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

5. Such claimant may be eligible for unemployment compensation benefits if the Unemployment Compensation Board finds the claimant's reasons for terminating his employment were of a necessitous and compelling reason.